SCOTT TALKOV, State Bar No. 264676
CHRISTOPHER M. KIERNAN, State Bar No. 319804
TALKOV LAW CORP.
2900 Adams St Ste C225
Riverside, California 92504
Telephone: (951) 888-3300
Email: scott@talkovlaw.com
        chris@talkovlaw.com
Attorney for Plaintiff Wendy Hopkins

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Adv. No. _____ |
| SALLY ROSE HOPKINS, | Chapter 13 |
| Debtor. | Bankruptcy Case No. 18-30937 |
| | **ADVERSARY COMPLAINT FOR QUIET TITLE, DECLARATORY RELIEF AND EJECTMENT RE: PLAINTIFF'S RIGHT, TITLE, AND INTEREST IN 324 DEVONSHIRE BOULEVARD, SAN CARLOS, CA 94070** |
| WENDY HOPKINS, an individual, | |
| Plaintiff, | |
| v. | |
| SALLY ROSE HOPKINS, an individual; and ALL PERSONS UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD UPON PLAINTIFF'S TITLE THERETO, | |
| Defendants. | |

Plaintiff Wendy Hopkins ("Plaintiff"), for her complaint (the "Complaint") against Defendants Sally Rose Hopkins (the "Debtor") and all unknown persons, alleges as follows:

### INTRODUCTION

1.      This action seeks to quiet title in Plaintiff to the single-family residence erroneously claimed by the Debtor located at 324 Devonshire Boulevard, San Carlos, CA 94070, San Mateo

Case: 21-03061    Doc# 1    Filed: 11/24/21    Entered: 11/24/21 11:15:03    Page 1 of 52

TALKOV LAW CORP.
2900 ADAMS ST STE C225
RIVERSIDE, CALIFORNIA 92504
PHONE (951) 888-3300

**TALKOV LAW CORP.**
2900 ADAMS ST STE C225
RIVERSIDE, CALIFORNIA 92504
PHONE (951) 888-3300

County APN 049-093-340 ("Property"). Specifically, the Debtor executed a grant deed that was recorded transferring all present and future right, title and interest in the Property to the Plaintiff on January 25, 2017, as reflected in Exhibit 1 hereto ("2017 Grant Deed"). Said 2017 Grant Deed occurred in connection with Plaintiff paying the sum of $61,500 to the Debtor days later to assist the Debtor in settling a lawsuit captioned *Michael L. Cacci, et al vs Wendy Hopkins, et al*, San Mateo County Superior Court Case No. CIV529593, which was dismissed the next month on March 14, 2017. Despite having transferred the Property to the Plaintiff, Debtor's petition filed on August 24, 2018, erroneously claims on Schedule A that the Debtor holds a 100% interest, and further claims on the Statement of Financial Affairs that the no transfers had been made in the last 2 years before the bankruptcy was filed. (BK Doc. 1, p. 11, § 1.1 & p. 41, § 18.) This adversary complaint resulted.

## JURISDICTION AND VENUE

2.     Venue is proper pursuant to 28 U.S.C. § 1409 by virtue of this bankruptcy case pending before the United States Bankruptcy Court for the Northern District of California.

3.     This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and/or (O).

4.     Venue is proper pursuant to pursuant to 28 U.S.C. §§157 and 1334 by virtue of this bankruptcy case pending before the United States Bankruptcy Court for the Northern District of California.

5.     To the extent this dispute involves any non-core matters, and/or matters in which a bankruptcy judge may not enter final judgment without the parties' consent, the Plaintiff consents to the entry of final judgment by the Court.

6.     An adversary complaint is required under Federal Rules of Bankruptcy Procedure, Rule 7001(2) or (9) on the basis of this action constituting "a proceeding to determine the validity, priority, or extent of a lien or other interest in property," or "a proceeding to obtain a declaratory judgment relating to any of the foregoing."

## PARTIES

7.     Plaintiff Wendy Hopkins ("Plaintiff") is or was a creditor of the Debtor listed with an outdated address on the Debtor's Petition as a nonpriority unsecured creditor with a debt of

**ADVERSARY COMPLAINT FOR QUIET TITLE AND DECLARATORY RELIEF RE: PLAINTIFF'S RIGHT, TITLE, AND INTEREST IN 324 DEVONSHIRE BOULEVARD, SAN CARLOS, CA 94070**

TALKOV LAW CORP.
2900 ADAMS ST STE C225
RIVERSIDE, CALIFORNIA 92504
PHONE (951) 888-3300

$109,491.75 described as being based on a "loan 2010." In reality, the debt owed to Plaintiff is based on a judgment of the Superior Court for the State of California, County of San Mateo, entered on June 5, 2014, in the amount of $128,352.74, an abstract of which was recorded in the Official Records of San Mateo on June 10, 2014, as Instrument Number 2014-050286.

8.      Defendant Sally Rose Hopkins (the "Debtor") is the debtor in the underlying Chapter 13 bankruptcy case, *In re Sally Rose Hopkins*, Case No. 18-30937. In Debtor's schedules, the Debtor claims to be the sole owner of the Property.

9.      Plaintiff does not currently know if there are any persons unknown, claiming any legal or equitable right, title, estate, lien, or interest in the property described in the complaint adverse to plaintiff's title, or any cloud upon plaintiff's title thereto. To the extent they are determined, Plaintiff will join them in this action.

## GENERAL ALLEGATIONS

10.      The Complaint two recorded grant deeds transferring the Property from the Debtor to the Plaintiff, which followed a debt owed by the Debtor to Plaintiff, and state court judgment thereon.

11.      On May 14, 2013, the Debtor filed for relief under Chapter 13 of the Bankruptcy Code in Northern District of California Bankruptcy Case No. 13-31164 ("2013 Bankruptcy").

12.      As of the petition date in the 2013 Bankruptcy, the Debtor was the full legal and equitable owner of the single-family residence located at 324 Devonshire Boulevard, San Carlos, CA 94070, San Mateo County APN 049-093-340, the legal description of which is attached to Exhibit 1 hereto ("Property").

13.      On June 5, 2013, a stipulation was entered in the 2013 Bankruptcy as BK Doc. 34 setting forth that: "Pursuant to 11 USC §362(c)(3)(A) on the 30th day after the filing of this case, the automatic stay of 11 USC §362 (a) shall be terminated as to Creditor, WENDY HOPKINS. The termination date shall be June 13, 2013." A true and correct copy of this stipulation is attached as Exhibit 2.

**ADVERSARY COMPLAINT FOR QUIET TITLE AND DECLARATORY RELIEF RE:  PLAINTIFF'S RIGHT, TITLE, AND INTEREST IN 324 DEVONSHIRE BOULEVARD, SAN CARLOS, CA 94070**

TALKOV LAW CORP.
2900 ADAMS ST STE C225
RIVERSIDE, CALIFORNIA 92504
PHONE (951) 888-3300

14.     On May 14, 2014, a grant deed was recorded transferring the all interests of the Debtor in the Property to the Plaintiff in the Official Records of San Mateo County as Instrument Number 2014-041615, a true and correct copy of which is attached as Exhibit 3 ("2014 Grant Deed").

15.     On June 5, 2014, a judgment was entered in favor of Plaintiff and against Debtor in the sum of $128,352.74 in the Superior Court for the State of California, County of San Mateo, Case No. CIV512426 ("2014 Judgment").

16.     On June 10, 2014, an abstract of the Judgment was recorded in the Official Records of San Mateo County as Instrument Number 2014-050286, a true and correct copy of which is attached as Exhibit 4 ("2014 Abstract of Judgment").

17.     On December 16, 2015, a grant deed was recorded transferring the Property from the Plaintiff to the Plaintiff and Debtor as "Joint Tenants" in the Official Records of San Mateo County as Instrument Number 2015-132356, a true and correct copy of which is attached as Exhibit 5 ("2015 Grant Deed").

18.     On January 25, 2017, a grant deed was recorded transferring all interests of the Debtor in the Property to the Plaintiff in the Official Records of San Mateo County as Instrument Number 2017-007683 ("2017 Grant Deed"), a true and correct copy of which is attached as Exhibit 1.

19.     Plaintiff alleges that that the public records reflect that no deed or other instrument transferring legal or equitable title to the Property has been recorded since the date of recording of the 2017 Grant Deed.

20.     In connection with and shortly after the 2017 Grant Deed, on February 14, 2017, Plaintiff issued a check to the Debtor in the sum of $61,500. A true and correct, redacted copy of the check deposited in the Debtor's account is attached as Exhibit 6.

21.     On July 20, 2018, the Bankruptcy Court for the Northern District of California issued an order of dismissal of the 2013 Bankruptcy, a true and correct copy of which is attached hereto as Exhibit 7.

22.     On August 24, 2018, the Debtor filed another Chapter 13 bankruptcy petition as Case No. 18-30937 ("2018 Bankruptcy"). On Schedule A/B, the Debtor claims that she owns, or has a legal

4

ADVERSARY COMPLAINT FOR QUIET TITLE AND DECLARATORY RELIEF RE:  PLAINTIFF'S RIGHT, TITLE, AND INTEREST IN 324 DEVONSHIRE BOULEVARD, SAN CARLOS, CA 94070

TALKOV LAW CORP.
2900 ADAMS ST STE C225
RIVERSIDE, CALIFORNIA 92504
PHONE (951) 888-3300

1  or equitable interest in" the Property, indicating therein that "Debtor 1 only" "has an interest in the

2  property." (2018 Bankruptcy Doc. 1, p. 11) On Schedule E/F, the Debtor claims that "Wendy

3  Hopkins" is an unsecured creditor owed "$109,491.75." (2018, Bankruptcy Doc. 1, p. 28.) A true and

4  correct copy of the relevant portions of the 2018 Bankruptcy petition are attached as Exhibit 8.

5       23.    On June 18, 2019, the Debtor filed her third amended plan in the 2018 Bankruptcy

6  purporting that she would pay unsecured, nonpriority creditors "no less than 100% of their allowed

7  claims through this plan" as shown in BK Doc. 39, a true and correct copy of which is attached as

8  Exhibit 9.

9       24.    On February 10, 2021, the Plaintiff filed an emergency objection to the Debtor's

10  discharge and request for hearing as BK Doc. 70 in the 2018 Bankruptcy indicating therein that the

11  Debtor had used an outdated address for the Plaintiff such that Plaintiff had no knowledge of these

12  proceedings.

**DOCTRINE OF AFTER-ACQUIRED TITLE**

14       25.    The complaint alleged herein that the Plaintiff is the 100% owner of the Property under

15  the doctrine of after-acquired title upon the closing of the 2013 Bankruptcy Case on July 20, 2018.

16       26.    "The objective of section 349(b) is to restore all property rights, insofar as is

17  practicable, to their positions when the case was filed. 2 *Collier on Bankruptcy* ¶ 349.03 (15th ed.

18  1986)." *In re Safren*, 65 B.R. 566, 571 (Bankr. C.D. Cal. 1986)

19       27.    Specifically, under 11 U.S.C. § 349(b)(3): "Unless the court, for cause, orders

20  otherwise, a dismissal of a case other than under section 742 of this title—… revests the property of

21  the estate in the entity in which such property was vested immediately before the commencement of

22  the case under this title." See *In re Beasley*, 22 B.R. 773, 774 (Bankr. W.D. Tenn. 1982) (when case is

23  "dismissed, by virtue of 11 U.S.C. s 349(b)(3), the residence would be automatically revested in the

24  debtor"); *In re Zeman*, Adv 09-05081, 2011 WL 1042568, at *8 (Bankr. W.D. Tex. Mar. 16, 2011)

25  ("transfers that were never actually avoided prior to dismissal of the case should receive the same

26  treatment as those that were avoided; they should be allowed to stand").

**ADVERSARY COMPLAINT FOR QUIET TITLE AND DECLARATORY RELIEF RE: PLAINTIFF'S RIGHT, TITLE, AND INTEREST IN 324 DEVONSHIRE BOULEVARD, SAN CARLOS, CA 94070**

**TALKOV LAW CORP.**
2900 ADAMS ST STE C225
RIVERSIDE, CALIFORNIA 92504
PHONE (951) 888-3300

28.     Under the doctrine of after-acquired title codified in part by California Civil Code §

1106, entitled "Subsequently acquired title passes by operation of law," "Where a person purports by

proper instrument to grant real property in fee simple, and <u>subsequently acquires any title, or claim of</u>

<u>title thereto, the same passes by operation of law to the grantee, or his successors</u>." See *Noronha v.*

*Stewart*, 199 Cal.App. 3d 485, 489 (Ct. App. 1988) ("This doctrine of 'after-acquired title' is

recognized in California and has been partially codified into Civil Code section 1106").

29.     After quoting California Civil Code § 1106, the California Court of Appeal explained

*in Johnson v. E-Z Ins. Brokerage, Inc.*, 175 Cal. App. 4th 86, 94 (Cal. App. 2009) that, "**when a**

**debtor purports to convey bankruptcy estate property, title to the property will vest in the**

**grantee when the bankruptcy proceedings close if the property was nonadministered**." *Johnson*

clarified that this rule applies to grant deeds, but that "after-acquired title doctrine does not apply to

quitclaim deeds." *Id.* at 95.

30.     Illustrating the interplay of bankruptcy dismissal and the after-acquired title doctrine,

the Ninth Circuit BAP explained that "once the bankruptcy case closed, any non-administered

property of the estate (including [the] Spyglass [residence]) was abandoned pursuant to section 554(c),

with title revesting in the Debtor. At this moment, Debtor became revested with an 'interest' in

Spyglass to which [the post-petition recorded] Klapperman's Abstract attached by operation of CCP

section 697.340(b)." *In re Cady*, 266 B.R. 172, 182 (B.A.P. 9th Cir. 2001), *aff'd*, 315 F.3d 1121 (9th

Cir. 2003). *Cady* explained that: "At the moment Debtor became revested with title to Spyglass, title

evidently passed from Debtor to Rowland and then, in turn, to Palm and Scapparo under California's

doctrine of "after-acquired title." *Id.* at n. 11.

31.     *Cady* quoted California Civil Code § 1106 and the decision of the California Court of

Appeal in *Noronha v. Stewart*, 199 Cal. App. 3d 485, 489 (Cal. App. 1988) finding that: "It has long

been recognized ... that if a grantor purports to convey an interest in land which the grantor does not

own, but afterwards acquires, the interest passes to the grantee at the time the grantor obtains it."

32.     Indeed, *Noronha* set forth as follows: "The general rule is that if the grantor in a

conveyance of real property has no title, a defective title, or an estate less than that which he assumed

Case: 21-03061    Doc# 1    Filed: 11/24/21    Entered: 11/24/21 11:15:03    Page 6 of 52

to grant, but subsequently he acquires the title or estate he purported to convey or perfects his title, the after-acquired or perfected title will inure to the grantee or his successors by way of estoppel, i.e., the grantor is estopped to deny that the after-acquired title passed by his conveyance." *Noronha v. Stewart*, 199 Cal. App. 3d 485, 489 (Cal. App. 1988)

33.     Another California Court of Appeal decision set forth that: "The net effect is the same as if the grantor specifically provided in the deed that he conveyed all of the title and estate which he then possessed or which he might at any time thereafter acquire." *Meyers v. Drain*, No. A149850, 2017 WL 4082097, at *4 (Cal. Ct. App. Sept. 15, 2017). *Meyers* explained that this is because: "A grant deed unquestionably transfers an after-acquired title. For example, when a debtor purports to convey bankruptcy estate property, title to the property will vest in the grantee when the bankruptcy proceedings close if the property was nonadministered," citing *Johnson*, *supra*.

34.     Here, the Property lawfully transferred to the Plaintiff, as grantee under the 2017 Grant Deed, at the time the grantor obtained title upon dismissal of the 2013 Bankruptcy, whereby the Property immediately revested in the Debtor under 11 U.S.C. §349(b)(3).

35.     Accordingly, Plaintiff is the rightful owner of a 100% fee simple interest in the Property.

### FIRST CLAIM FOR RELIEF

### (Quiet Title – Against All Defendants)

36.     The Plaintiff repeats and realleges the allegations set forth above as though fully set forth herein.

37.     Plaintiff seeks a determination that Plaintiff is the 100% equitable and legal owner of the Property as a result of the 2017 Grant Deed, which became effective upon dismissal of the 2013 Bankruptcy on July 20, 2018.

38.     Plaintiff is informed and believe and, on that basis, allege that Defendants claim that they have an interest adverse to Plaintiff's equitable and legal ownership interest in the Property.

39.     Plaintiff seeks a determination of quiet title as of the date this Complaint is filed.

### SECOND CLAIM FOR RELIEF

**TALKOV LAW CORP.**
2900 ADAMS ST STE C225
RIVERSIDE, CALIFORNIA 92504
PHONE (951) 888-3300

**ADVERSARY COMPLAINT FOR QUIET TITLE AND DECLARATORY RELIEF RE:  PLAINTIFF'S RIGHT, TITLE, AND INTEREST IN 324 DEVONSHIRE BOULEVARD, SAN CARLOS, CA 94070**

TALKOV LAW CORP.
2900 ADAMS ST STE C225
RIVERSIDE, CALIFORNIA 92504
PHONE (951) 888-3300

**(Declaratory Relief – Against All Defendants)**

40. The Plaintiff repeats and realleges the allegations set forth above as though fully set forth herein.

41. In the above-captioned matter, an actual controversy has arisen and now exists between Plaintiff, on one hand, and Defendants on the other hand, concerning their respective rights and duties with regard to legal and equitable ownership in the Property.

42. The controversy between the parties' concerns, but is not limited to, in that Plaintiff contends that the 2017 Grant Deed transferred title to the Property to the Plaintiff upon dismissal of the 2013 Bankruptcy on July 20, 2018.

43. Plaintiff desires a judicial declaration, judgment, or decree of her right, title and/or interest in the Property.

44. A judicial declaration is necessary and appropriate at this time so that Plaintiff may ascertain her rights, duties, and interests in the Property and avoid a multiplicity of actions.

**THIRD CLAIM FOR RELIEF**

**(Ejectment – Against All Defendants)**

45. The Plaintiff repeats and realleges the allegations set forth above as though fully set forth herein.

46. Ejectment "is a means of awarding possession because the prevailing party had title and right of possession at the commencement of the action, and defendant had no such title nor right of possession. It is the proper remedy of the true owner for the recovery of possession and the value of the use and occupation of the land during unlawful holding." *Paap v. Von Helmholt*, 185 Cal.App. 2d 823, 829 (Ct. App. 1960).

47. "The essential elements of an action for ejection are ownership by plaintiff disclosing a right to possession and a withholding thereof from the plaintiff." *United States v. Santos*, 878 F. Supp. 1359, 1363 (D. Guam 1993) (citing *Baugh v. Consumers Assoc., Ltd.,* 241 Cal.App.2d 672, 675 (1st App.Dist.1966)) (applying California law).

ADVERSARY COMPLAINT FOR QUIET TITLE AND DECLARATORY RELIEF RE: PLAINTIFF'S RIGHT, TITLE, AND INTEREST IN 324 DEVONSHIRE BOULEVARD, SAN CARLOS, CA 94070

48.  Federal Rules of Bankruptcy Procedure, Rule 7070 provides that: "Rule 70 F.R.Civ.P. applies in adversary proceedings and the court may enter a judgment divesting the title of any party and vesting title in others whenever the real or personal property involved is within the jurisdiction of the court." See Fed. R. Bankr. P., Rule 70 ("On application by a party who obtains a judgment or order for possession, the clerk must issue a writ of execution or assistance").

49.  The Central District of California in *In re Kerlo*, 311 B.R. 256, 267–68 (Bankr. C.D. Cal. 2004) found that Federal Rules of Bankruptcy Procedure, Rule 7070, allowed a bankruptcy court to issue a writ of execution to enforce orders requiring a Chapter 7 debtor to deliver possession of real property to trustee.

50.  Here, Plaintiff is the 100% owner of the Property with the right to possession thereof for which Defendants have wrongfully withheld possession from Plaintiff.

51.  Plaintiff requests a judgment that Plaintiff is entitled to ejectment of all Defendants, including Debtor Sally Rose Hopkins, and that Plaintiff is entitled to a writ of execution for possession of the Property pursuant to Federal Rule of Bankruptcy Procedure, Rule 7070 providing that: 1) Plaintiff and/or her agents are to accompany the United States Marshal to take possession of the Property; 2) Plaintiff will act as custodian of any and all items of personal property left on the Property at the time possession is taken; 3) The United States Marshal, in taking possession of the Property, shall employ whatever reasonable force is necessary to enter the Property, regardless of whether the premises are locked or unlocked, occupied or unoccupied; and 4) Anyone interfering with the enforcement of the judgment is subject to arrest by the United States Marshal.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff pray that this Court enter judgment in favor of the Plaintiff and against Defendants as follows:

*As to the **First Claim for Relief** for Quiet Title against all Defendants*:

1.  For a judgment that the Plaintiff is the owner of 100% of the legal and equitable right, title, and interest in the Property;

*As to the **Second Claim for Relief** for Declaratory Relief against all Defendants*:

Case: 21-03061    Doc# 1    Filed: 11/24/21    Entered: 11/24/21 11:15:03    Page 9 of 52

TALKOV LAW CORP.
2900 ADAMS ST STE C225
RIVERSIDE, CALIFORNIA 92504
PHONE (951) 888-3300

TALKOV LAW CORP.
2900 ADAMS ST STE C225
RIVERSIDE, CALIFORNIA 92504
PHONE (951) 888-3300

2.      For a decree that Plaintiff is the owner of 100% of the legal and equitable right, title, and interest in the Property;

As to the **Third Claim for Relief** for *Ejectment against all Defendants*:

3.      For a judgment that Plaintiff is entitled to ejectment of all Defendants, including Debtor Sally Rose Hopkins;

4.      For a judgment that Plaintiff is entitled to a writ of execution for possession of the Property pursuant to Federal Rule of Bankruptcy Procedure, Rule 7070 providing that: 1) Plaintiff and/or her agents are to accompany the United States Marshal to take possession of the Property; 2) Plaintiff will act as custodian of any and all items of personal property left on the Property at the time possession is taken; 3) The United States Marshal, in taking possession of the Property, shall employ whatever reasonable force is necessary to enter the Property, regardless of whether the premises are locked or unlocked, occupied or unoccupied; and 4) Anyone interfering with the enforcement of the judgment is subject to arrest by the United States Marshal.

*As to **All Claims***:

5.      For costs of suit;

6.      For attorney's fees, if allowed by law; and

7.      For such other and further relief as the Court may deem just and proper.

DATED: November 24, 2021                    TALKOV LAW CORP.


                                            *Scott Talkov*

                                    By:     _____
                                            Scott Talkov
                                            Christopher M. Kiernan
                                            Attorneys for Plaintiff Wendy Hopkins

ADVERSARY COMPLAINT FOR QUIET TITLE AND DECLARATORY RELIEF RE:  PLAINTIFF'S RIGHT, TITLE, AND INTEREST IN 324 DEVONSHIRE BOULEVARD, SAN CARLOS, CA 94070

## Exhibit 1

**After Recording Return To**:
Sally Hopkins
324 Devonshire Blvd
San Carlos, California 94070



**2017-007683**
12:54 pm 01/25/17 DE Fee: 21.00
Count of Pages 3
Recorded in Official Records
County of San Mateo
Mark Church
Assessor-County Clerk-Recorder

* R 0 0 0 2 3 4 4 4 2 4 *



_____

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# GRANT DEED

The undersigned Grantor declares that this transfer is exempt from the documentary transfer tax and that the tax owed is $0.00.

Grantor further declares this is a bona fide gift and Grantor receives nothing in exchange. (R&T Code 11911).

THE GRANTOR(S),
- Sally Hopkins, a single person,

for and in consideration of: One Dollar ($1.00) and other good and valuable consideration grants

to the GRANTEE(S):
- Wendy Hopkins, 817 Partridge Ave #23, Menlo Park, San Mateo County, California, 94025,

the following described real estate, situated in the County of San Mateo, State of California:

(LEGAL DESCRIPTION): Portion of lot 11, in block 31

Subject to existing taxes, assessments, liens, encumbrances, covenants, conditions, restrictions, rights of way and easements of record the grantor hereby covenants with the Grantee(s) that Grantor is lawfully seized in fee simple of the above granted premises and has good right to sell and convey the same.

Tax Parcel Number: 049093340

**Grantor Signatures:**

DATED: _25th of Jan 2017_

_Sally Hopkins_

Sally Hopkins
324 Devonshire Blvd
San Carlos, California, 94070

> A notary public or other officer completing this certificate verifies only the identity of the individual(s) who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF SAN MATEO

On _1-25-17_ before me, _JIM SAKAI, NOTARY PUBLIC_, personally appeared Sally Hopkins, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____ (Notary Seal)
Signature of Notary Public

> JIM SAKAI
> COMM. # 2038996
> NOTARY PUBLIC • CALIFORNIA
> SAN MATEO COUNTY
> My Commission Expires
> August 26, 2017

RECORDER'S OFFICE COUNTY OF SAN MATEO

Order No. 411821-TD
Escrow No. 0-015877

Portion of Lot 11, in Block 31, as designated on the map entitled "DEVONSHIRE PROPERTIES OF MUNICIPAL PROPERTIES COMPANY AMENDED AND SUPPLEMENTARY MAP OF SUBDIVISION NUMBER SIX", which map was filed in the office of the Recorder of the County of San Mateo, State of California on April 13, 1926 in Book 13 of Maps at pages 52 to 55 inclusive, more particularly described as follows:

BEGINNING at the point of intersection of the dividing line between Lots 10 and 11 in Block 31, with the Northerly line of Devonshire Boulevard as said Lots, Block and Boulevard are shown on the above mentioned map; thence from said point of beginning along the dividing line of said Lots 10 and 11 North 17° 01' 45" West (shown as North 17° 02' West on said map 176.33 feet; thence leaving the last mentioned line and running South 71° 38' 15" West 123.14 feet to the Easterly boundary line of lands described in the Deed to Harlan L. Musch, et ux, dated January 11, 1957 and recorded January 25, 1957 in Book 3164 of Official Records at page 536 (22379-P); thence along the last mentioned line South 8° 08' 30" East 154.67 feet to the Northerly line of said Devonshire Boulevard; thence along the last mentioned line North 83° 47' East 85.82 feet; thence along a curve to the left with a radius of 270 feet, tangent to the preceding course, through a central angle of 13° 22' 25" an arc distance of 63.02 feet to the point of beginning.

TOGETHER WITH those rights described in that certain Agreement restricting use of real property dated August 19, 1975 and recorded August 25, 1975 in Book 6919 at page 473, Official Records.

A.P. No.:   049-093-340                            JPN 049 009 093 34 A

95696718

**Exhibit 2**

CRAIG V. WINSLOW (73196)
LAW OFFICES OF CRAIG V. WINSLOW
630 No. San Mateo Drive
San Mateo, CA 94401
Telephone: (650) 347-5445
Facsimile: (650) 347-4411

Attorney for Debtor


UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA


In Re                                )    Case No. 13-31164 DM13
                                     )
        SALLY R. HOPKINS,            )    **STIPULATION TERMINATING**
                                     )    **AUTOMATIC STAY AS TO**
                                     )    **CREDITOR, WENDY HOPKINS**
                Debtor.              )
_____)

   **IT IS HEREBY STIPULATED** by and through counsel for the Debtor and for Creditor,

Wendy Hopkins, as follows:

   1.      Pursuant to 11 USC §362(c)(3)(A) on the 30th day after the filing of this case, the

           automatic stay of 11 USC §362 (a) shall be terminated as to Creditor, WENDY

           HOPKINS.  The termination date shall be June 13, 2013.

   2.      An order shall be entered on this stipulation.

We consent to the above terms.


          6/5/2013                   /s/ Craig V. Winslow
Dated: _____       By _____
                                     CRAIG V. WINSLOW,
                                     Attorney for Debtor


          6/5/2013                   /s/ Raymond R. Miller
Dated: _____       By _____
                                     RAYMOND R. MILLER,
                                     Attorney for Wendy Hopkins

STIPULATION TERMINATING
AUTOMATIC STAY AS TO
CREDITOR, WENDY HOPKINS
1

Case: 13-31164   Doc# 34   Filed: 10/04/13   Entered: 10/04/13 11:35:03   Page 16 of 52

BRTCY\HOPKINS 2013 STIPULATION
TERMINATING AUTO STAY

# **Exhibit 3**

**2014-041615**

11:32 am 05/14/14 DE Fee: 18.00
Count of Pages 2
Recorded in Official Records
County of San Mateo
Mark Church
Assessor-County Clerk-Recorder

\* R 0 0 0 1 8 4 9 0 1 4 \*

RECORDING REQUESTED BY

Wendy Hopkins

WHEN RECORDED MAIL TO
AND MAIL TAX STATEMENTS TO

NAME   Wendy Hopkins

ADDRESS   555 Bryant Street, # 326

CITY
STATE & ZIP   Palo Alto, CA 94036

Above Space for Recorder's Use Only

# GRANT DEED

| TITLE ORDER NO. | ESCROW NO. | APN NO. 049-093-340 |
|---|---|---|

THE UNDERSIGNED GRANTOR(s) DECLARE(s)
DOCUMENTARY TRANSFER TAX IS $ 0.00 "Gift Deed"          CITY TAX $ 0.00
    computed on full value of property conveyed, or
    computed on full value less value of liens or encumbrances remaining at time of sale,
  x  Unincorporated area:  City of _____, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
Sally Rose Hopkis, an unmarried woman who acquired titled as Sally Rose Hopkins, a married woman, as her sole
and separte property.

hereby GRANT(s) to
Wendy Hopkins, an Unmarried woman, as her sole and separte property.
*Wendy's⁴*

the following described real property in the County of   San Mateo              State of California:

the real property in the, County of San Mateo, State of Californai, described as: Legal Description attached hereto
and made a part hereof
A.P #049-093-340
ALSO KNOWN AS: 324 Devonshire Blvd. San Carlos, CA 94070

Dated _____ *12 May 2014* _____                    _____

_____
*Sally Rose Hopkins*
Sally Rose Hopkins

STATE OF CALIFORNIA     }
COUNTY OF SAN MATEO  } S.S.

On May 12, 2014 _____ before me, Joan E. deCesare , Notary Public _____, (here
insert name and title of the officer), personally appeared Sally Rose Hopkins _____

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature *Joan E. di Cesare* _____

JOAN E. DE CESARE
Commission # 1892249
Notary Public - California
Santa Clara County
My Comm. Expires Jun 14, 2014

MAIL TAX STATEMENTS TO ADDRESS AS SHOWN ABOVE

FORMGRNTDEED

RECORDER'S OFFICE COUNTY OF SAN MATEO

Order No.  411821-TD
Escrow No.  0-015877

Portion of Lot 11, in Block 31, as designated on the map entitled "DEVONSHIRE PROPERTIES OF MUNICIPAL PROPERTIES COMPANY AMENDED AND SUPPLEMENTARY MAP OF SUBDIVISION NUMBER SIX", which map was filed in the office of the Recorder of the County of San Mateo, State of California on April 13, 1926 in Book 13 of Maps at pages 52 to 55 inclusive, more particularly described as follows:

BEGINNING at the point of intersection of the dividing line between Lots 10 and 11 in Block 31, with the Northerly line of Devonshire Boulevard as said Lots, Block and Boulevard are shown on the above mentioned map; thence from said point of beginning along the dividing line of said Lots 10 and 11 North 17° 01' 45" West (shown as North 17° 02' West on said map 176.33 feet; thence leaving the last mentioned line and running South 71° 38' 15" West 123.14 feet to the Easterly boundary line of lands described in the Deed to Harlan L. Musch, et ux, dated January 11, 1957 and recorded January 25, 1957 in Book 3164 of Official Records at page 536 (22379-P); thence along the last mentioned line South 8° 08' 30" East 154.67 feet to the Northerly line of said Devonshire Boulevard; thence along the last mentioned line North 83° 47' East 85.82 feet; thence along a curve to the left with a radius of 270 feet, tangent to the preceding course, through a central angle of 13° 22' 25" an arc distance of 63.02 feet to the point of beginning.

TOGETHER WITH those rights described in that certain Agreement restricting use of real property dated August 19, 1975 and recorded August 25, 1975 in Book 6919 at page 473, Official Records.

A.P. No.:    049-093-340                          JPN 049 009 093 34 A

**Exhibit 4**

EJ-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, State Bar number, and telephone number):* |
| --- |

Recording requested by and return to:

Raymond R. Miller, CSB 144398
Law Offices of Raymond R. Miller
P.O. Box 2177
Castro Valley, CA 94546

| ☑ ATTORNEY FOR | ☑ JUDGMENT CREDITOR | ☐ ASSIGNEE OF RECORD |
| --- | --- | --- |

**2014-050286**

12:16 pm 06/10/14 AJ Fee: 18.00
Count of Pages 2
Recorded in Official Records
County of San Mateo
Mark Church
Assessor-County Clerk-Recorder

\* R 0 0 0 1 8 6 1 1 4 1 \*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN MATEO**
STREET ADDRESS: **400 County Center**
MAILING ADDRESS:
CITY AND ZIP CODE: **Redwood City, CA 94063**
BRANCH NAME: **Hall of Justice and Records**

PLAINTIFF: **WENDY D. HOPKINS**

DEFENDANT: **SALLY R. HOPKINS**

CASE NUMBER:

**CIV 512426**

| ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS | ☐ Amended |
| --- | --- |

FOR COURT USE ONLY

2

1. The ☑ judgment creditor ☐ assignee of record
applies for an abstract of judgment and represents the following:
   a. Judgment debtor's

   Name and last known address

   Sally R. Hopkins, 324 Devonshire Blvd., San
   Carlos, CA 94070

   b. Driver's license no. [last 4 digits] and state: \*2302  ☐ Unknown
   c. Social security no. [last 4 digits]: \*3366  ☐ Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or
   mailed to *(name and address):* Sally Hopkins, Santa Clara Co. Dept.of Corrections, Women's Elmwood facility
   701 South Abel St., Milpitas, Ca 95035

2. ☐ Information on additional judgment
   debtors is shown on page 2.

3. Judgment creditor *(name and address):*
   Wendy D. Hopkins, 555 Bryant Street, #326,
   Menlo Park, CA 94025

   Date: June 10, 2014
   Raymond R. Miller, Esq.

   _____
   (TYPE OR PRINT NAME)

4. ☐ Information on additional judgment
   creditors is shown on page 2.

5. ☐ Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

   *Raymond R Miller*
   _____
   (SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $ 128,352.74.

7. All judgment creditors and debtors are listed on this abstract.

8. a. Judgment entered on *(date):* June 5, 2014
   b. Renewal entered on *(date):*

9. ☐ This judgment is an installment judgment.

[SEAL]

This abstract issued on *(date):*
**JUN 1 0 2014**

10. ☐ An ☐ execution lien ☐ attachment lien
   is endorsed on the judgment as follows:
   a. Amount: $ 128,352.74
   b. In favor of *(name and address):*
   Wendy D. Hopkins, 555 Bryant Street, #326,
   Menlo Park, CA 94025

11. A stay of enforcement has
   a. ☑ not been ordered by the court.
   b. ☐ been ordered by the court effective until
   *(date):*

12. a. ☐ I certify that this is a true and correct abstract of
   the judgment entered in this action.
   b. ☐ A certified copy of the judgment is attached.

   Clerk, by **JOHN C. FITTON** _____ , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. January 1, 2008]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

Page 1 of 2
Code of Civil Procedure, §§ 488.480,
674, 700.190

| | CASE NUMBER: |
|---|---|
| PLAINTIFF: WENDY D. HOPKINS | CIV 512426 |
| DEFENDANT: SALLY R. HOPKINS | |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*

   Wendy D. Hopkins, 555 Bryant Street, #326, Menlo
   Park, CA 94025

14. Judgment creditor *(name and address):*

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.        Name and last known address

   Sally R. Hopkins, 324 Devonshire Blvd., San
   Carlos, CA 94070

   Driver's license no. [last 4 digits]
   and state: *2302                                    ☐ Unknown

   Social security no. [last 4 digits]: *3366          ☐ Unknown

   Summons was personally served at or mailed to *(address):*

17.        Name and last known address

   Driver's license no. [last 4 digits]
   and state:                                          ☐ Unknown

   Social security no. [last 4 digits]:                ☐ Unknown

   Summons was personally served at or mailed to *(address):*

18.        Name and last known address

   Driver's license no. [last 4 digits]
   and state:                                          ☐ Unknown

   Social security no. [last 4 digits]:                ☐ Unknown

   Summons was personally served at or mailed to *(address):*

19.        Name and last known address

   Driver's license no. [last 4 digits]
   and state:                                          ☐ Unknown

   Social security no. [last 4 digits]:                ☐ Unknown

   Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

EJ-001 [Rev. January 1, 2008]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

Case: 21-03061    Doc# 1    Filed: 11/24/21    Entered: 11/24/21 11:15:03    Page 22 of 52

# **Exhibit 5**

Recording requested by (name):

Wendy Hopkins

And when recorded, mail this deed and tax
statements to (name and address):

Sally Hopkins
324 Devonshire Blvd.
San Carlos, CA 94070

**2015-132356**
10:38 am 12/16/15 DE Fee: 21.00
Count of Pages 3
Recorded in Official Records
County of San Mateo
Mark Church
Assessor-County Clerk-Recorder

\* R 0 0 0 2 1 3 5 5 3 0 \*

3p

# GRANT DEED

APN: 049-093-340

DOCUMENTARY TRANSFER TAX $ 0
EXEMPTION (R&T CODE) No
EXPLANATION Gift
Between parent and child
Sally Rose Hopkins
Signature of Declarant or Agent determining tax

For a valuable consideration, receipt of which is hereby acknowledged,

GRANTOR(S) Wendy Hopkins
(Current Owner(s), including form of title)

hereby grant(s) to GRANTEE(S) Sally Hopkins and Wendy Hopkins
(New Owner(s))

as Joint Tenants
(An Unmarried Person / Joint Tenants / Tenants in Common / Community Property / Community Property with Right of Survivorship / etc.)

the following real property in the City of San Carlos , County of
San Mateo , California: (insert legal description)

Date: 12/15/15     Wendy Hopkins
(Signature of declarant)
Wendy Hopkins AK Wendy Dawn Hopkins
(Typed or written name of declarant)

Date: 12/15/2015     Sally Rose Hopkins
(Signature of declarant)
Sally Rose Hopkins
(Typed or written name of declarant)

## This form must be signed in front of a notary.

See attach for notary
8/82

# CALIFORNIA ALL-PURPOSE CERTIFICATE OF ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of **San Mateo**

On **Dec 15-15** before me, **Sara Fahi**, Notary Public,
(Here insert name and title of the officer)

personally appeared **Wendy Dawn Hopkins and Sally Rose Hopkins**--------------------------,

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____
Signature of Notary Public

SARA FAHI
Commission # 1993605
Notary Public - California
San Mateo County
My Comm. Expires Oct 11, 2016

(Notary Seal)

---

## ADDITIONAL OPTIONAL INFORMATION

### DESCRIPTION OF THE ATTACHED DOCUMENT

Grant Deed----------------------------------
(Title or description of attached document)
-------------------------------------------
(Title or description of attached document continued)

Number of Pages **1**    Document Date _____
-------------------------------------------
(Additional information)

### CAPACITY CLAIMED BY THE SIGNER
- ☐ Individual (s)
- ☐ Corporate Officer
  _____
  (Title)
- ☐ Partner(s)
- ☐ Attorney-in-Fact
- ☐ Trustee(s)
- ☐ Other

### INSTRUCTIONS FOR COMPLETING THIS FORM
*Any acknowledgment completed in California must contain verbiage exactly as appears above in the notary section or a separate acknowledgment form must be properly completed and attached to that document. The only exception is if a document is to be recorded outside of California. In such instances, any alternative acknowledgment verbiage as may be printed on such a document so long as the verbiage does not require the notary to do something that is illegal for a notary in California (i.e. certifying the authorized capacity of the signer). Please check the document carefully for proper notarial wording and attach this form if required.*

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public for acknowledgment.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the acknowledgment is completed.
- The notary public must print his or her name as it appears within his or her commission followed by a comma and then your title (notary public).
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Indicate the correct singular or plural forms by crossing off incorrect forms (i.e. he/she/they, is /are ) or circling the correct forms. Failure to correctly indicate this information may lead to rejection of document recording.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different acknowledgment form.
- Signature of the notary public must match the signature on file with the office of the county clerk.
  - ❖ Additional information is not required but could help to ensure this acknowledgment is not misused or attached to a different document.
  - ❖ Indicate title or type of attached document, number of pages and date.
  - ❖ Indicate the capacity claimed by the signer. If the claimed capacity is a corporate officer, indicate the title (i.e. CEO, CFO, Secretary).
- Securely attach this document to the signed document

C 2004-2015 ProLink Signing Service, Inc. All Rights Reserved www.TheProLink.com - Nationwide Notary Service

Portion of Lot 11, in Block 31, as designated on the map entitled "DEVONSHIRE PROPERTIES OF MUNICIPAL PROPERTIES COMPANY AMENDED AND SUPPLEMENTARY MAP OF SUBDIVISION NUMBER SIX", which map was filed in the office of the Recorder of the County of San Mateo, State of California on April 13, 1926 in Book 13 of Maps at pages 52 to 55 inclusive, more particularly described as follows:

BEGINNING at the point of intersection of the dividing line between Lots 10 and 11 in Block 31, with the Northerly line of Devonshire Boulevard as said Lots, Block and Boulevard are shown on the above mentioned map; thence from said point of beginning along the dividing line of said Lots 10 and 11 North 17° 01' 45" West (shown as North 17° 02' West on said map 176.33 feet; thence leaving the last mentioned line and running South 71° 38' 15" West 123.14 feet to the Easterly boundary line of lands described in the Deed to Harlan L. Musch, et ux, dated January 11, 1957 and recorded January 25, 1957 in Book 3164 of Official Records at page 536 (22379-P); thence along the last mentioned line South 8° 08' 30" East 154.67 feet to the Northerly line of said Devonshire Boulevard; thence along the last mentioned line North 83° 47' East 85.82 feet; thence along a curve to the left with a radius of 270 feet, tangent to the preceding course, through a central angle of 13° 22' 25" an arc distance of 63.02 feet to the point of beginning.

TOGETHER WITH those rights described in that certain Agreement restricting use of real property dated August 19, 1975 and recorded August 25, 1975 in Book 6919 at page 473, Official Records.

A.P. No.: 049-093-340                    JPN 049 009 093 34 A

# **Exhibit 6**

WENDY D HOPKINS
555 BRYANT ST # 276
PALO ALTO CA 94301-1704

DATE 2/14/17

204018/117

PAY TO THE ORDER OF Sally Hopkins                    $ 61,500.00

Sixty-one thousand and five hundred                  DOLLARS

**US bank.**

MEMO                              Wendy Hopkins

⑈121122676⑈        3048⑈  6⑈

ENDORSE HERE

CREDITED TO THE ACCOUNT OF
WITHIN NAMED PAYEE
LACK OF ENDORSEMENT GUARANTEED
WELLS FARGO BANK, N.A.
AU 00232                    AU 00232

DO NOT WRITE, STAMP OR SIGN BELOW THIS LINE
RESERVED FOR FINANCIAL INSTITUTION USE *

204018/118

Security Features:
The security features listed below, as well as those
not listed exceed industry guidelines.

Results of document alteration:
• Such input signature line appears
• use of thin line when prompted
• Absence of original Document
• verbiage on back of check

* FEDERAL RESERVE BOARD OF GOVERNORS REG. CC

# **Exhibit 7**



Signed and Filed: July 20, 2018

1  DAVID BURCHARD
2  CHAPTER 13 STANDING TRUSTEE
   P.O. BOX 8059
3  FOSTER CITY, CA 94404
   (650)345-7801  FAX (650)345-1
4  (707)544-5500 FAX (707)544-04

_____
**DENNIS MONTALI**
**U.S. Bankruptcy Judge**

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re:** | Case No.: 13-31164 DM |
| SALLY R. HOPKINS | Chapter 13 |
| _____ Debtor(s) | |

### ORDER OF DISMISSAL

    DAVID BURCHARD, Chapter 13 Trustee, has filed a Motion to Dismiss case.

    The Court finds that notice of the motion upon Debtor(s) and counsel was proper.

    After noticed hearing of said motion on July 18, 2018, the Court hereby grants the Trustee's Motion to Dismiss.

    THEREFORE IT IS ORDERED that the Debtor(s)' proceedings herein be DISMISSED, and that any restraining orders heretofore issued be dissolved.  The Chapter 13 Trustee shall submit at a later date his Trustee's Final Report for approval by the court.

**\*\*END OF ORDER\*\***

1

## <u>COURT SERVICE LIST</u>

SALLY R. HOPKINS

324 DEVONSHIRE BOULEVARD

SAN CARLOS, CA 94070

## UNITED STATES BANKRUPTCY COURT
### Northern District of California

| | |
|---|---|
| In Re:     Sally R. Hopkins | Case No.: 13–31164 DM 13 |
|         Debtor(s) | Chapter: 13 |

### NOTICE OF DISMISSAL OF CASE

**Notice is given** that an order was filed on 7/20/18 dismissing the above–captioned case.

Dated: 7/20/18

For the Court:

Edward J. Emmons
Clerk of Court
United States Bankruptcy Court

Doc # 79

# Notice Recipients

District/Off: 0971–3      User: lparada      Date Created: 7/20/2018

Case: 13–31164      Form ID: DOC      Total: 109

**Recipients submitted to the BNC (Bankruptcy Noticing Center) without an address:**

| | | |
|---|---|---|
| cr | San Mateo County Tax Collector | |
| | | TOTAL: 1 |

**Recipients of Notice of Electronic Filing:**

| | | |
|---|---|---|
| ust | Office of the U.S. Trustee / SF | USTPRegion17.SF.ECF@usdoj.gov |
| tr | David Burchard | TESTECF@burchardtrustee.com |
| aty | Craig V. Winslow | CVWinslow@aol.com |
| aty | Madison Wilson | mwilson@rasflaw.com |
| aty | Natalie Lea | Natalie.Zindorf@BuckleyMadole.com |
| aty | Nichole Glowin | nglowin@wrightlegal.net |
| aty | Raymond R. Miller | raymillerecf@gmail.com |
| aty | Robert P. Zahradka | caecf@tblaw.com |
| | | TOTAL: 8 |

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | | | |
|---|---|---|---|---|
| db | Sally R. Hopkins | 324 Devonshire Boulevard | San Carlos, CA 94070 | |
| intp | Raymond R. Miller | Law Office of Raymond R. Miller | PO Box 2177 | Castro Valley, CA 94546 |
| cr | Wendy Hopkins | 555 Bryant Street, No 326 | Palo Alto, CA 94301 | |
| cr | Wells Fargo Bank, N.A. | Pite Duncan, LLP | c/o Robert P. Zahradka | 4375 Jutland Drive, Suite 200 | P.O. Box 17933 | San Diego, CA 92177–0933 |
| cr | PRA Receivables Management, LLC | POB 41067 | NORFOLK, VA 23541 | |
| cr | Capital One Auto Finance | c/o Ascension Capital Group | P.O. Box 201347 | Arlington, TX 76006 |
| cr | Fay Servicing, LLC | 939 W North Ave | Suite 680 | Chicago, IL 60642 |
| cr | Fay Servicing, LLC | 440 S. LaSalle Street, Suite 2000 | Chicago, IL 60605 | |
| cr | Prof–2013–S3 Legal Title Trust IV, By U.S. Bank National Association, as Legal Title Trustee | Wright, Finlay and Zak, LLP | c/o Nichole L. Glowin | 4665 MacArthur Court, Suite 280 | Newport Beach, CA 92660 |
| cr | PROF–2013–S3 Legal Title Trust IV, by U.S. Bank National Association Association, as Legal Title Trustee, its successors and/or assigns | c/o Nichole L Glowin | 4665 MacArthur Court, Suite 280 | Newport Beach, CA 92660 |
| cr | Fay Servicing, LLC | 3000 Kellway Dr,Ste 150 | Carrollton, TX 75006 | |
| cr | Capital One Auto Finance c/o AIS Portfolio Services, LP f/k/a AIS Data Services d/b/a/ Ascension Capital Group | 4515 N Santa Fe Ave. Dept. APS | Oklahoma City, OK 73118 | |
| cr | 1900 Capital Trust I, by U.S. Bank Trust National Association, not in its individual capacity but solely as Certificate Trustee | c/o ShellPoint Mortgage Servicing | P.O. Box 10675 | GREENVILLE, SC 29603–0675 |
| smg | Chief Tax Collection Section | Employment Development Section | P.O. Box 826203 | Sacrament, CA 94230 |
| smg | CA Employment Development Dept. | Bankruptcy Group MIC 92E | P.O. Box 826880 | Sacramento, CA 94280–0001 |
| smg | CA Franchise Tax Board | Special Procedures Bankruptcy Unit | P.O. Box 2952 | Sacramento, CA 95812–2952 |
| 13250066 | AMERICAN ACCOUNTS AD | 3904 CEDARVALE DR | EAGAN MN 55122 | |
| 13326250 | ANTIO, LLC | C O Weinstein And Riley, Ps | 2001 Western Avenue, Ste 400 | Seattle, WA 98121 |
| 13250063 | Adams and Morse Associates | PO Box 972 | Manchester NH 03105 | |
| 13250109 | Albert H Sadakian DDS | 114 Birch Street | Redwood City CA 94062 | |
| 13250064 | All You | PO Box 60001 | Tampa FL 33660 | |
| 13250065 | Allied Waste Services | 3326 Fitzgerald Rd | Rancho Cordova CA 95742 | |
| 13434556 | American InfoSource LP as agent for | DIRECTV, LLC | Mail Station N387 | 2230 E Imperial Hwy | El Segundo, CA 90245 |
| 13272693 | American InfoSource LP as agent for | Midland Funding LLC | PO Box 268941 | Oklahoma City, OK 73126–8941 |
| 13250068 | Ascension Capital Group | PO Box 201347 | Arlington TX 76006 | |
| 13250069 | Bank of America | P O Box 15026 | Wilmington DE 19850–5026 | |
| 13250070 | Bank of America | PO Box 15026 | Wilmington DE 19850–5026 | |
| 13431135 | CAPITAL ONE BANK (USA), N.A. | PO Box 12907 | Norfolk VA 23541 | |
| 13250077 | CIR Law Offices | 8665 Gibbs Dr Ste 150 | San Diego CA 92123 | |
| 13250083 | COUNTY OF SAN MATEO | 455 COUNTY CTR | REDWOOD CITY CA 94063 | |
| 13250071 | Capital One | PO Box 30285 | Salt Lake City UT 84130 | |
| 13250072 | Capital One | Po Box 60599 | City of Industry CA 91716 | |
| 13250073 | Capital One Auto Finance | PO Box 201347 | Arlington TX 76006 | |
| 13336305 | Capital One Auto Finance | a division of Capital One, NA | P.O. Box 201347 | Arlington, TX 76006 |
| 13250074 | Certegy Payment Recovery Srvcs | 11601 Roosevelt Blvd | St Petersburg FL 33716 | |
| 13250075 | Chase | P O Box 15298 | Wilmington DE 19850–5298 | |
| 13250076 | Check Plus Systems | PO Box 99 | Ringwood NJ 07456 | |
| 13250078 | Citibank | PO Box 769006 | San Antonio TX 78245–9006 | |
| 13250079 | Clark Pest Control | PO Box 1480 | Lodi CA 95241 | |

| | | | |
|---|---|---|---|
| 13250080 | Clark Pest Control | PO Box 2086 | Thousand Oaks CA 91358 |
| 13250081 | Comcast Communications | PO Box 34227 | Seattle WA 98124 |
| 13250082 | Compass Bank | PO Box 10566 | Birmingham AL 35202 |
| 13303740 | County of San Mateo | Department of Revenue Service | PO Box 2999 | Redwood City, 94064–2999 |
| 13250084 | Credit Collection Services | Two Wells Ave Dept 9134 | Newton MA 02459 |
| 13250085 | Credit Management Company | PO Box 1510 | Ashland VA 23005 |
| 13250086 | Credit Protection Association | 13355 Noel Rd Ste 2100 | Dallas TX 75240 |
| 13250096 | Danielle Flatau | 1262 Edgewood Road | Redwood City CA 94062 |
| 13250087 | Dennis Everette | 872 Canfield Court | San Jose CA 95136 |
| 13250128 | Dr Robert W Wolf DDS | 193 Arch St | Redwood City CA 94062 |
| 13250089 | EQUABLE ASCENT FINANCI | 1120 W LAKE COOK RD STE | BUFFALO GROVE IL 60089 |
| 13250088 | Employment Development Dept | Bankruptcy Special Procedures | PO Box 826880 MIC 92E | Sacramento CA 94280–0001 |
| 13250090 | Equable Ascent Financial | 1120 W Lake Cook Rd Ste B | Buffalo Grove IL 60089 |
| 13358950 | FIRST FINANCIAL INVESTMENT FUND HOLDINGS, LLC | c o Jefferson Capital Systems LLC | PO BOX 7999 | SAINT CLOUD MN 56302–9617 |
| 13250091 | Family Dental | 581 Foster City Blvd | Foster City CA 94404 |
| 13250092 | Farmers Insurance | PO Box 268992 | Oklahoma City OK 73126 |
| 14556135 | Fay Servicing, LLC | 440 S. LaSalle Street, Suite 2000 | Chicago, IL 60605 |
| 14484256 | Fay Servicing, LLC | Bankruptcy Department | 939 W. North Avenue Suite 680 | Chicago, Illinois 60642 |
| 13250094 | Financial Recovery Services | P O Box 385908 | Minneapolis MN 55438 |
| 13250095 | Firstsource | 205 Bryant Woods South | Amherst NY 14228 |
| 13250097 | Glamour | PO Box 37653 | Boone IA 50037 |
| 13250098 | Global Credit & Collection | 300 International Drive | PMB 10015 | Williamsville NY 14221 |
| 13250101 | Jaime Larson | PO Box 321 | Belmont CA 94002 |
| 13250100 | John P Frye PC | PO Box 13665 | Roanoke VA 24036 |
| 13250102 | Macys | Bankruptcy Processing | PO Box 8053 | Mason OH 45040 |
| 13250103 | Me Cal Inc | 2660 So El Camino Real | San Mateo CA 94403 |
| 13250104 | NDEx West | 15000 Surveyor Blvd Ste 500 | Addison TX 75001 |
| 13250105 | Nelson Watson & Associates | PO Box 1299 | Haverhill MA 01831 |
| 13250106 | Orchard Bank | HSBC Card Services | PO Box 80084 | Salinas CA 93912–0084 |
| 13316977 | PHARIA L.L.C. | C O Weinstein And Riley, Ps | 2001 Western Avenue, Ste 400 | Seattle, WA 98121 |
| 13319831 | Pacific Bell Telephone Company | % AT&T Services, Inc | Karen Cavagnaro, Paralegal | One AT&T Way, Room 3A104 | Bedminster, NJ 07921 |
| 13250107 | Pet Club | 1850 So Norfolk | San Mateo CA 94403 |
| 13744618 | Portfolio Recovery Associates, LLC | POB 41067 | Norfolk, VA 23541 |
| 13250108 | Quality Paperback Club | PO Box 916400 | Rantoul IL 61866 |
| 13270851 | Quantum3 Group LLC as agent for | Comenity Bank | PO Box 788 | Kirkland, WA 98083–0788 |
| 13250067 | Robert D. Anderson | 141 Garnet Ave | San Carlos CA 94070 |
| 13250093 | Robert Ferro | 1320 Blair Ave | Tracy CA 95376 |
| 13250113 | STASSINOS LAW OFFICES | 5150 SUNRISE BLVD STE B6 | FAIR OAKS CA 95628 |
| 13250110 | Safeway | PO Box 173755 | Denver CO 801217 |
| 13250111 | San Mateo County | Tax Collector–Treasurer | 555 County Center, 1st Floor | Redwood City, CA 94063–0966 |
| 13250112 | San Mateo Revenue Services | 455 County Center | Redwood City CA 94063 |
| 13250114 | Sunrise Credit Services | PO Box 9100 | Farmingdale NY 11735 |
| 13250119 | TRS Recovery Services | 5251 Westheimer | Houston TX 77056 |
| 13250115 | Target National Bank | PO Box 59317 | Minneapolis MN 55459–0317 |
| 13250116 | Tennis | PO Box 3200 | Harlan IA 51593 |
| 13250117 | The Home Depot | P O Box 653000 | Dallas TX 75265 |
| 13250118 | Tollstrup Chiropractic | 560 Masonic Way | Belmont CA 94002 |
| 14789538 | U.S. Bank Trust National Association | Shellpoint Mortgage Servicing | P.O. Box 10675 | Greenville, SC 29603–0675 |
| 13250121 | US Bank | PO Box 5130 | Portland OR 97228 |
| 13250120 | Unitrin Specialty Insurance | 21650 Oxnard St #1800 | Woodland Hills CA 91367 |
| 13268181 | VANDA, LLC | C O Weinstein And Riley, Ps | 2001 Western Avenue, Ste 400 | Seattle, WA 98121 |
| 13250122 | VCA Holly Street Hospital | 501 Laurel Street | San Carlos CA 94070 |
| 13250123 | Vogue | PO Box 37653 | Boone IA 50037 |
| 13250126 | WFNNB – Victoria's Secret | PO Box 659728 | San Antonio TX 78265 |
| 13250124 | Wachovia Mortgage | Attn Loan Service | PO Box 659558 | San Antonio TX 78265 |
| 13250125 | Wells Fargo Bank | P O Box 10347 | Des Moines IA 50306 |
| 14375821 | Wells Fargo Bank, N.A. | Default Document Processing | N9286–01Y | 1000 Blue Gentian Road | Eagan MN 55121–7700 |
| 13895768 | Wells Fargo Bank, N.A. | Wells Fargo Bank, N.A. | Attn: Bankruptcy Department | 4101 Wiseman Blvd | MAC# T7416–023 San Antonio, TX 78251 |
| 13250099 | Wendy D. Hopkins | c/o Law Office Raymond R. Miller | P.O. Box 2177 | Castro Valley, CA 94546 |
| 13250127 | White Overnight | c/o Access Capital Credit | 338 W Lexington Ave | El Cajon CA 92020 |
| 13250129 | Women's Health | PO Box 8411 | Red Oak IA 51591 |

TOTAL: 100

# Notice Recipients

| District/Off: 0971−3 | User: lparada | Date Created: 7/20/2018 |
|---|---|---|
| Case: 13−31164 | Form ID: pdfeo | Total: 4 |

**Recipients of Notice of Electronic Filing:**
ust      Office of the U.S. Trustee / SF      USTPRegion17.SF.ECF@usdoj.gov
tr      David Burchard      TESTECF@burchardtrustee.com
aty      Craig V. Winslow      CVWinslow@aol.com

TOTAL: 3

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
db      Sally R. Hopkins      324 Devonshire Boulevard      San Carlos, CA 94070

TOTAL: 1

# Exhibit 8

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

NORTHERN DISTRICT OF CALIFORNIA

Case number *(if known)* _____

Chapter you are filing under:

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

■ Chapter 13

☐ Check if this an amended filing

Official Form 101

# Voluntary Petition for Individuals Filing for Bankruptcy

12/17

The bankruptcy forms use you and Debtor 1 to refer to a debtor filing alone. A married couple may file a bankruptcy case together—called a *joint case*—and in joint cases, these forms use you to ask for information from both debtors. For example, if a form asks, "Do you own a car," the answer would be yes if either debtor owns a car. When information is needed about the spouses separately, the form uses *Debtor 1* and *Debtor 2* to distinguish between them. In joint cases, one of the spouses must report information as *Debtor 1* and the other as *Debtor 2*. The same person must be *Debtor 1* in all of the forms.

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

| Part 1: | Identify Yourself |
| --- | --- |

|  | | About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
| --- | --- | --- | --- |
| **1.** | **Your full name** | | |
| | Write the name that is on your government-issued picture identification (for example, your driver's license or passport). | **Sally**<br>First name | First name |
| | | **Rose**<br>Middle name | Middle name |
| | Bring your picture identification to your meeting with the trustee. | **Hopkins**<br>Last name and Suffix (Sr., Jr., II, III) | Last name and Suffix (Sr., Jr., II, III) |
| **2.** | **All other names you have used in the last 8 years**<br>Include your married or maiden names. | | |
| **3.** | **Only the last 4 digits of your Social Security number or federal Individual Taxpayer Identification number (ITIN)** | xxx-xx-3366 | |

Case: 18-30967   Doc# 11   Filed: 10/24/18   Entered: 10/24/18 11:15:01   Page 37 of 52

| About Debtor 1: | About Debtor 2 (Spouse Only in a Joint Case): |
|---|---|

**4.** **Any business names and Employer Identification Numbers (EIN) you have used in the last 8 years**

Include trade names and *doing business as* names

■ I have not used any business name or EINs.

Business name(s)

EINs

☐ I have not used any business name or EINs.

Business name(s)

EINs

---

**5.** **Where you live**

**324 Devonshire Boulevard
San Carlos, CA 94070**
Number, Street, City, State & ZIP Code

**San Mateo**
County

**If your mailing address is different from the one above, fill it in here.** Note that the court will send any notices to you at this mailing address.

Number, P.O. Box, Street, City, State & ZIP Code

**If Debtor 2 lives at a different address:**

Number, Street, City, State & ZIP Code

County

**If Debtor 2's mailing address is different from yours, fill it in here.** Note that the court will send any notices to this mailing address.

Number, P.O. Box, Street, City, State & ZIP Code

---

**6.** **Why you are choosing *this district* to file for bankruptcy**

*Check one:*

■ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
  Explain. (See 28 U.S.C. § 1408.)

*Check one:*

☐ Over the last 180 days before filing this petition, I have lived in this district longer than in any other district.

☐ I have another reason.
  Explain. (See 28 U.S.C. § 1408.)

| Part 2: | Tell the Court About Your Bankruptcy Case |
|---|---|

**7. The chapter of the Bankruptcy Code you are choosing to file under**

*Check one.* (For a brief description of each, see *Notice Required by 11 U.S.C. § 342(b) for Individuals Filing for Bankruptcy (Form 2010)*). Also, go to the top of page 1 and check the appropriate box.

☐ Chapter 7

☐ Chapter 11

☐ Chapter 12

■ Chapter 13

**8. How you will pay the fee**

■ **I will pay the entire fee when I file my petition.** Please check with the clerk's office in your local court for more details about how you may pay. Typically, if you are paying the fee yourself, you may pay with cash, cashier's check, or money order. If your attorney is submitting your payment on your behalf, your attorney may pay with a credit card or check with a pre-printed address.

☐ **I need to pay the fee in installments.** If you choose this option, sign and attach the *Application for Individuals to Pay The Filing Fee in Installments* (Official Form 103A).

☐ **I request that my fee be waived** (You may request this option only if you are filing for Chapter 7. By law, a judge may, but is not required to, waive your fee, and may do so only if your income is less than 150% of the official poverty line that applies to your family size and you are unable to pay the fee in installments. If you choose this option, you must fill out the *Application to Have the Chapter 7 Filing Fee Waived* (Official Form 103B) and file it with your petition.

**9. Have you filed for bankruptcy within the last 8 years?**

☐ No.

■ Yes.

| | District | | When | | Case number | |
|---|---|---|---|---|---|---|
| | Northern District of California | | 5/14/13 | | 13-31164 | |
| | Northern District of California | | 9/05/11 | | 11-33268 | |
| | See Attachment | | | | | |

**10. Are any bankruptcy cases pending or being filed by a spouse who is not filing this case with you, or by a business partner, or by an affiliate?**

■ No

☐ Yes.

| Debtor | | Relationship to you | |
|---|---|---|---|
| District | When | Case number, if known | |
| Debtor | | Relationship to you | |
| District | When | Case number, if known | |

**11. Do you rent your residence?**

■ No.  Go to line 12.

☐ Yes.  Has your landlord obtained an eviction judgment against you?

☐ No. Go to line 12.

☐ Yes. Fill out *Initial Statement About an Eviction Judgment Against You* (Form 101A) and file it as part of this bankruptcy petition.

Case: 18-30957   Doc# 11   Filed: 10/24/18   Entered: 10/24/18 11:50:31   Page 39 of 52

| **Part 3:** | **Report About Any Businesses You Own as a Sole Proprietor** |
|---|---|

**12. Are you a sole proprietor of any full- or part-time business?**

A sole proprietorship is a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC.

If you have more than one sole proprietorship, use a separate sheet and attach it to this petition.

☐ No.   Go to Part 4.

■ Yes.   Name and location of business

**landlord**
Name of business, if any

**324 Devonshire Blvd**
**San Carlos, CA 94070**
Number, Street, City, State & ZIP Code

*Check the appropriate box to describe your business:*

☐   Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐   Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐   Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐   Commodity Broker (as defined in 11 U.S.C. § 101(6))

■   None of the above

**13. Are you filing under Chapter 11 of the Bankruptcy Code and are you a *small business debtor*?**

For a definition of *small business debtor*, see 11 U.S.C. § 101(51D).

*If you are filing under Chapter 11, the court must know whether you are a small business debtor so that it can set appropriate deadlines. If you indicate that you are a small business debtor, you must attach your most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. 1116(1)(B).*

☐ No.   I am not filing under Chapter 11.

☐ No.   I am filing under Chapter 11, but I am NOT a small business debtor according to the definition in the Bankruptcy Code.

☐ Yes.   I am filing under Chapter 11 and I am a small business debtor according to the definition in the Bankruptcy Code.

| **Part 4:** | **Report if You Own or Have Any Hazardous Property or Any Property That Needs Immediate Attention** |
|---|---|

**14. Do you own or have any property that poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety? Or do you own any property that needs immediate attention?**

*For example, do you own perishable goods, or livestock that must be fed, or a building that needs urgent repairs?*

■ No.

☐ Yes.   What is the hazard? _____

If immediate attention is needed, why is it needed? _____

Where is the property? _____

Number, Street, City, State & Zip Code

Case: 21-30637   Doc# 11   Filed: 10/24/21   Entered: 10/24/21 13:15:31   Page 40 of 52

| Debtor 1 | **Sally Rose Hopkins** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: NORTHERN DISTRICT OF CALIFORNIA

Case number _____

☐ Check if this is an amended filing

Official Form 106A/B

# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:** Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.

■ Yes. Where is the property?

---

**1.1**

**324 Devonshire Boulevard**
Street address, if available, or other description

| **San Carlos** | **CA** | **94070-0000** |
|---|---|---|
| City | State | ZIP Code |

**San Mateo**
County

**What is the property?** Check all that apply

☐ Single-family home

☐ Duplex or multi-unit building

☐ Condominium or cooperative

☐ Manufactured or mobile home

☐ Land

☐ Investment property

☐ Timeshare

■ Other    **residence with rental units**

**Who has an interest in the property?** Check one

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number:

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| **$2,400,000.00** | **$2,400,000.00** |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

**fee simple**

☐ **Check if this is community property**
(see instructions)

---

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here.................................................................=>

| **$2,400,000.00** |
|---|

**Part 2:** Describe Your Vehicles

Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not? Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

Software Copyright (c) 1996-2018 Best Case, LLC - www.bestcase.com      Best Case Bankruptcy

| Debtor 1 | **Sally Rose Hopkins** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: NORTHERN DISTRICT OF CALIFORNIA

Case number
(if known) _____

☐ Check if this is an
   amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims                12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:    List All of Your PRIORITY Unsecured Claims

1.  Do any creditors have priority unsecured claims against you?

    ■ No. Go to Part 2.

    ☐ Yes.

### Part 2:    List All of Your NONPRIORITY Unsecured Claims

3.  Do any creditors have nonpriority unsecured claims against you?

    ☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

    ■ Yes.

4.  **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

| | | Total claim |
|---|---|---|
| | | |

| 4.1 | **American Infosource LP** | Last 4 digits of account number _____ | $256.13 |
|---|---|---|---|

Nonpriority Creditor's Name

**as agent for Direct TV LLC
Mail Station N387
2230 E. Imperial Hwy
El Segundo, CA 90245**

Number Street City State Zip Code

Who incurred the debt? Check one.

■ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ **Check if this claim is for a  community debt**

Is the claim subject to offset?

■ No

☐ Yes

When was the debt incurred?    2011

As of the date you file, the claim is: Check all that apply

☐ Contingent

☐ Unliquidated

☐ Disputed

Type of NONPRIORITY unsecured claim:

☐ Student loans

☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims

☐ Debts to pension or profit-sharing plans, and other similar debts

■ Other. Specify    television

Case: 18-00087    Doc# 1    Filed: 08/24/18    Entered: 08/24/18 13:16:03    Page 42 of 52

| 4.1 7 | **University of the Pacific** | Last 4 digits of account number | **3111** | $292.00 |

Nonpriority Creditor's Name
**Arthur A. Gugoni School of Dentistry**
**155 5th Street**
**San Francisco, CA 94103-2419**
Number Street City State Zip Code

**When was the debt incurred?**  **6/2018**

Who incurred the debt? Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify  **dental services**

---

| 4.1 8 | **Vanda LLC** | Last 4 digits of account number | | $2,042.44 |

Nonpriority Creditor's Name
**C/O Weinstein and Riley P.S.**
**PO Box 3978**
**Seattle, WA 98124**
Number Street City State Zip Code

**When was the debt incurred?**  **pre 2010**

Who incurred the debt? Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify  **assignee of Capital One; credit card purchases**

---

| 4.1 9 | **Wendy Hopkins** | Last 4 digits of account number | | $109,491.75 |

Nonpriority Creditor's Name
**555 Bryant Street, No. 326**
**Palo Alto, CA 94301**
Number Street City State Zip Code

**When was the debt incurred?**

Who incurred the debt? Check one.

- ■ Debtor 1 only
- ☐ Debtor 2 only
- ☐ Debtor 1 and Debtor 2 only
- ☐ At least one of the debtors and another
- ☐ **Check if this claim is for a community debt**

**Is the claim subject to offset?**

- ■ No
- ☐ Yes

**As of the date you file, the claim is:** Check all that apply

- ☐ Contingent
- ☐ Unliquidated
- ☐ Disputed

**Type of NONPRIORITY unsecured claim:**

- ☐ Student loans
- ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims
- ☐ Debts to pension or profit-sharing plans, and other similar debts
- ■ Other. Specify  **loan 2010**

---

**Part 3:   List Others to Be Notified About a Debt That You Already Listed**

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you

Case: 28-00981   Doc# 1   Filed: 08/24/28   Entered: 08/24/28 13:16:03   Page 43 of 52

**Exhibit 9**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

Name of Debtor:

SALLY ROSE HOPKINS

Case No.18-30937

Last four digits of Soc. Sec.
No.: 3366

## THIRD AMENDED
## CHAPTER 13 PLAN

### Section 1.  Notices

**1.01.  Notices.**

(a)     **Use of this form is mandatory.**  The Bankruptcy Court of the Northern District of California requires the use of this local form chapter 13 plan in lieu of any national form plan.  Fed. R. Bankr. P. 3015.1.

(b)     **Notice of specific plan provisions required by Fed.R.Bankr.P. 3015.1(c).**  Any nonstandard provision is in section 7 below.

If the plan proposes to limit the amount of a secured claim based on a valuation of the collateral for the claim, this box must be checked [   ].

If the plan proposes to avoid a security interest or lien, this box must be checked [   ].

If there are nonstandard provisions, this box must be checked [XX].  A nonstandard provision will be given no effect unless this section indicates one is included in section 7 and it appears in section 7.

**1.02.  No alterations to form plan permitted.**  Other than to insert text into designated spaces, to expand tables to include additional items, or to change the plan title to indicate the date of the plan or that it is a modified plan, the preprinted text of this form shall not be altered.  No such alteration will be given any effect.

**1.03.  Valuation of collateral and lien avoidance.**  Unless otherwise provided in Section 7 below, as to non-governmental units, the confirmation of this plan will not limit the amount of a secured claim based on a valuation of the collateral for the claim, nor will it avoid a security interest or lien.  This relief requires a separate claim objection, valuation motion or adversary proceeding, or lien avoidance motion, with supporting evidence, that is successfully prosecuted in connection with the confirmation of this plan.  Determining the amount of secured and priority claims of governmental units, however, must be done in compliance with Fed.R.Bankr.P. 3012.

**1.04.  Confirmation of Plan.**  In the absence of a timely written objection, the plan may be confirmed without a hearing.  It will be effective upon its confirmation.

### Section 2.  Plan Payments and Plan Duration

**2.01.  Monthly plan payments.**  To complete this plan, Debtor shall submit to the supervision and control of Trustee on a monthly basis the sum of $600.00 from future earnings.  This monthly plan payment is subject to  adjustment pursuant to section 3.07(b)(5) below and it must be received by Trustee not later than the 20th day of each month beginning the month after the order for relief under chapter 13.  The monthly plan payment includes  all adequate protection payments due on Class 2 secured claims.

**2.02.  Other payments.**  In addition to the submission of future earnings, Debtor will make payment(s) derived from property of the bankruptcy estate, property of Debtor, or from other sources, as follows:

**2.03.** **Duration of payments.** The monthly plan payments will continue for 60 months unless all allowed unsecured claims are paid in full within a shorter period of time. If necessary to complete the plan, monthly payments may continue for an additional 6 months, but in no event may a plan be proposed and confirmed that exceeds 60 months. This section is to be read in conjunction with section 3.14.

## Section 3. Claims and Expenses

### A. Proofs of Claim

**3.01.** With the exception of the payments required by sections 3.03, 3.07(b), 3.08(b), 3.10, and 4.01, a claim will not be paid pursuant to this plan unless a proof of claim is filed by or on behalf of a creditor, including a secured creditor.

**3.02.** The proof of claim, not this plan or the schedules, shall determine the amount and classification of a claim unless the court's disposition of a claim objection, valuation motion, adversary proceeding, confirmed plan, or lien avoidance motion affects the amount or classification of the claim, consistent with section 1.03.

**3.03.** Post-petition amounts due on account of a domestic support obligation, a loan from retirement or thrift savings plan, or an executory contract/unexpired lease being assumed, shall be paid by Debtor directly to the person entitled to such payments whether or not the plan is confirmed or a proof of claim has been filed.

### B. Administrative Expenses

**3.04.** **Trustee's fees.** Pursuant to 28 U.S.C. § 586(e), Trustee shall retain up to 10% of plan payments, whether made before or after confirmation, but excluding direct payments by Debtor provided for by the plan.

**3.05.** **Debtor's attorney's fees.** Debtor's attorney was paid $2,110.00 prior to the filing of the case. Additional fees of $ 7,090.00 shall be paid through this plan upon court approval. Debtor's attorney will seek the court's approval by [*choose one*]: ☒ complying with General Order 35; or ☐ filing and serving a motion in accordance with 11 U.S.C. §§ 329 and 330, Fed. R. Bankr. P. 2002, 2016, and 2017 [if neither alternative is selected, the attorney shall comply with the latter].

**3.06.** **Administrative expenses.** In accordance with sections 5.02 and 5.03 below, $300.00 of each monthly plan payment shall be paid on account of: (a) compensation due a former chapter 7 trustee; (b) approved administrative expenses; and (c) approved attorney's fees. Approved administrative expenses shall be paid in full through this plan except to the extent a claimant agrees otherwise or 11 U.S.C. § 1326(b)(3)(B) is applicable.

### C. Secured Claims

**3.07.** **Class 1 includes all delinquent secured claims that mature after the completion of this plan, including those secured by Debtor's principal residence.**

**(a) Cure of defaults.** All arrears on Class 1 claims shall be paid in full by Trustee. The monthly installments specified in the table below as the "monthly arrearage dividend," in conjunction with the distribution scheme in section 5 of this plan, shall pay the arrears in full.

**(1)** Unless otherwise specified below, interest will accrue at the rate of 0%.

**(2)** The arrearage dividend must be applied by the Class 1 creditor to the arrears. If this plan provides for interest on the arrears, the arrearage dividend shall be applied first to such interest, then to the arrears.

**(b) Maintaining payments.** From plan payments received, Trustee shall make all post-petition monthly payments to the holder of each Class 1 claim whether or not this plan is confirmed or a proof of claim is filed.

**(1)** Unless sub-part (b)(1)(A)or(B) of this section is applicable, the amount of the post-petition monthly payment shall be the amount specified in the plan.

**(A)** If the amount specified in the plan is incorrect, the Class 1 creditor may demand the correct amount in its proof of claim. Unless and until an objection to such proof of claim is sustained, the trustee shall pay the payment amount demanded in the proof of claim.

Case 2:19-bk-00937   Doc# 139 Filed 10/04/19 Entered 10/04/19 11:54:30 Page 46 of 52

**(B)** Whenever the post-petition monthly payment amount is adjusted in accordance with the underlying loan documentation, including changes resulting from an interest rate or escrow account adjustment, the Class 1 creditor shall give notice of payment change pursuant to Fed. R. Bankr. P. 3002.1(b). Notice of the change in a proof of claim is not sufficient. Until and unless an objection to a notice of payment change is sustained, the trustee shall pay the amount demanded in the notice of payment change.

**(2)** If Debtor makes a partial plan payment that is insufficient to satisfy all post-petition monthly payments due each Class 1 claim, distributions will be made in the order such claims are listed in the table below.

**(3)** Trustee will not make a partial distribution on account of a post-petition monthly payment.

**(4)** If Debtor makes a partial plan payment, or if it is not paid on time, and Trustee is unable to make timely a post-petition monthly payment, Debtor may be obligated to pay a late charge.

**(5)** If the holder of a Class 1 claim files a notice of payment change in accordance with Fed.R.Bankr.P. 3002.1(b) demanding a higher or lower post-petition monthly payment, the plan payment shall be adjusted accordingly, without modification of the plan.

**(6)** If the holder of a Class 1 claim gives Debtor and Trustee notice of post-petition fees, expenses, and charges in accordance with Fed. R. Bankr. P. 3002.1(c), Debtor may modify this plan if Debtor wishes to provide for such fees, expenses, and charges.

**(7)** Post-petition monthly payments made by Trustee and received by the holder of a Class 1 claim shall be applied as if the claim was current and no arrearage existed on the date the case was filed.

**(c) No claim modification and lien retention.** Each Class 1 creditor shall retain its lien. Other than to cure arrears, this plan does not modify Class 1 claims.

| Class 1 Creditor's Name/ Collateral Description | Amount of Arrears | Interest Rate on Arrears | Monthly Arrearage Dividend | Monthly Arrearage Dividend Start Date (Start Date will be a specific month/year during the plan) | Post-Petition Monthly Payment |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| | Totals: $ | | | | $ |

**3.08.** **Class 2 includes all secured claims that are modified by this plan, or that have matured or will mature before the plan is completed.**

**(a) Payment of claim.** Subject to section 3.08(c), the "monthly dividend" payable to each Class 2A and 2B claim is a monthly payment sufficient to pay each claim in full with interest at the rate specified below. If no interest rate is specified, a 5% rate will be imputed.

**(b) Adequate protection payments.** Prior to confirmation and once a proof of claim is filed, Trustee shall pay on account of each Class 2(A) and 2(B) claim secured by a purchase money security interest in personal property an adequate protection payment if required by 11 U.S.C. § 1326(a)(1)(C). The adequate protection payment shall equal the monthly dividend. Adequate protection payments shall be disbursed by Trustee in connection with the customary disbursement cycle beginning the month after the case was filed. If a Class 2 claimant is paid an adequate protection payment, that claimant shall not be paid a monthly dividend for the same month.

**(c) Claim amount.** The amount of a Class 2 claim is determined by applicable nonbankruptcy law. However, except as noted below, Debtor may reduce the claim amount to the value of the collateral securing it by complying with Section 1.03 above.

**(1) Class 2 claims that cannot be reduced based on value of collateral.** Debtor is prohibited from reducing a claim if the claim holder has a purchase money security interest and the claim either was incurred within 910 days of the filing of the case and is secured by a motor vehicle acquired for the personal use of Debtor, or was incurred within 1-year of the filing of the case and is secured by any other thing of value. These claims must be included in Class 2(A).

**(2) Class 2 claims that may be reduced based on the value of their collateral** shall be included in Class 2(B) or 2(C) as is appropriate.

**(3) Class 2 claims secured by Debtor's principal residence.** Except as permitted by 11 U.S.C. § 1322(c), Debtor is prohibited from modifying the rights of a holder of a claim secured only by Debtor's principal residence.

**(d) Lien retention.** Each Class 2 creditor shall retain its existing lien on the property interest of the Debtor or the Estate until the earlier of: (a) payment of the underlying debt determined under nonbankruptcy law, or (b) completion of the plan and, unless not required by the bankruptcy court, entry of Debtor's discharge under 11 U.S.C. § 1328.

| Class 2(A) Creditor's name and description of collateral | Purchase money security interest in personal property? YES/NO | Amount claimed by creditor | Value of creditor's interest in its collateral | Interest Rate | Monthly Dividend |
|---|---|---|---|---|---|
| **Class 2(A) claims are not reduced based on value of collateral** | | | | | |
| 1. Capital One Auto Finance/2003 Nissan 350Z | Yes | $2,630.00 | | 6% | $200.00 |
| 2 | | | | | |
| | | | | Total $ | |

| Class 2(B) Creditor's name and description of collateral | Purchase money security interest in personal property? YES/NO | Amount claimed by creditor | Value of creditor's interest in its collateral | Interest Rate | Monthly Dividend |
|---|---|---|---|---|---|
| **Class 2(B) claims are reduced to an amount greater than $0 based on value of collateral** | | | | | |
| 1. | | | | | |
| 2. | | | | | |
| | | | | Total $ | |

| Class 2(C) Creditor's name and description of collateral | Purchase money security interest in personal property? YES/NO | Amount claimed by creditor | Value of creditor's interest in its collateral | Interest Rate | Monthly Dividend |
|---|---|---|---|---|---|
| **Class 2(C) are claims reduced to $0 based on value of collateral** | | | | | |
| 1. | | | $0.00 | 0% | $0.00 |
| 2. | | | $0.00 | 0% | $0.00 |
| | | | | Total $ | $0.00 |

Case 2:18-bk-20037   Doc# 39 Filed 10/4/19 Entered 10/4/19 11:54:30 Page 48 of 52

**3.09.** **Class 3 includes all secured claims satisfied by the surrender of collateral.**

| Class 3 Creditor's Name/Collateral Description | Estimated Deficiency | Is Deficiency a Priority Claim? YES/NO |
|---|---|---|
| 1. | | |
| 2. | | |

**3.10.** **Class 4 includes all secured claims paid directly by Debtor or third party.** Class 4 claims are not in default and are not modified by this plan. These claims shall be paid by Debtor or a third person whether or not a proof of claim is filed or the plan is confirmed.

| Class 4 Creditor's Name/Collateral Description | Monthly Contract Installment | Person Making Payment |
|---|---|---|
| 1.James White/324 Devonshire Blvd, San Carlos, CA | $2,000.00 | Debtor |
| 2.Shellpoint Mortgage Servicing/324 Devonshire Blvv., San Carlos, CA | $5,085.55 | Debtor |

Shellpoint Mortgage Servicing is the servicing agent for Lender, 1900 Capital Trust I – assignee of Prof-2013-S3 Legal Title Trust IV.

**3.11.** **Bankruptcy stays.**

**(a)** Upon confirmation of the plan, the automatic stay of 11 U.S.C. § 362(a) and the co-debtor stay of 11 U.S.C. § 1301(a) are (1) terminated to allow the holder of a Class 3 secured claim to exercise its rights under non-bankruptcy law against its collateral; and (2) modified to allow the nondebtor party to an unexpired lease that is in default and rejected in section 4 of this plan to obtain possession of leased property, and to dispose of it under applicable law, and to exercise its rights against any nondebtor.

**(b)** Secured claims not listed as Class 1, 2, 3, or 4 claims are not provided for by this plan. While this may be cause to terminate the automatic stay, such relief must be separately requested by the claim holder.

**(c)** If, after confirmation of the plan, the court grants a motion to terminate the automatic stay to permit a Class 1 or 2 claim holder to proceed against its collateral, unless the court orders otherwise, Trustee shall make no further payments on account of such claim and any portion of such claim not previously satisfied under this plan shall be satisfied as a Class 3 claim. Any deficiency remaining after the creditor's disposition of its collateral shall be satisfied as a Class 7 unsecured claim subject to the filing of a proof of claim.

## D. Unsecured Claims

**3.12.** **Class 5 consists of unsecured claims entitled to priority pursuant to 11 U.S.C. § 507.**

**(a) Domestic support obligations entitled to priority pursuant to 11 U.S.C. § 507.** These claims will be paid in full except to the extent the claim holder has agreed to accept less or 11 U.S.C. § 1322(a)(4) is applicable. When the claim holder has agreed to accept less than payment in full or when 11 U.S.C. § 1322(a)(4) is applicable, the claim holder and the treatment of the claim shall be specified in section 7, the Nonstandard Provisions.

**(b) Taxes, and other priority claims entitled to priority pursuant to 11 U.S.C. § 507.** These claims will be paid in full except to the extent the claim holder has agreed to accept less. When the claim holder has agreed to accept less than payment in full, the claim holder and the treatment of the claim shall be specified in section 7, the Nonstandard Provisions.

**(c) Estimate of priority claims pursuant to 11 U.S.C. § 507.** Debtor estimates that all priority claims, not including those identified in section 7, total $2,875.84.

**3.13.** **Class 6 includes designated nonpriority unsecured claims**, such as co-signed unsecured debts, that will be treated differently than the other nonpriority unsecured claims provided for in Class 7. The claim holder of each Class 6 claim and the treatment of each claim shall be specified in section 7, the Nonstandard Provisions.

3.14. **Class 7 consists of all other nonpriority unsecured claims** not provided for in Class 6. These claims total approximately $3,027.42. Class 7 creditors shall be paid on a pro-rata basis by the Trustee from the funds remaining after the Trustee pays the administrative expenses and other claims provided for in this plan. **[select one of the following options:]**

    **XX**   **Percent Plan.** Class 7 claimants will receive no less than 100% of their allowed claims through this plan.

    _   **Pot Plan.** Class 7 claimants are estimated to receive_ of their allowed claims through this plan. This

section is to be read in conjunction with section 2.03.


## Section 4. Executory Contracts And Unexpired Leases

4.01. Debtor assumes the executory contracts and unexpired leases listed below. Debtor shall directly pay all post-petition monthly lease or contract payments to the other party to the executory contract or unexpired lease. Unless otherwise permitted under the Bankruptcy Code or Section 7 herein, pre-petition arrears shall be fully paid. Trustee shall pay the monthly arrearage dividend specified in the table below.

| Name of Other Party to Executory Contract/ Unexpired Lease | Post-Petition Monthly Payment | Pre-petition Arrears | Monthly Arrearage Dividend |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| | | Total $ | |

4.02. Debtor rejects the executory contracts and unexpired leases listed below. Any executory contract or unexpired lease not listed in section 4.01 or section 4.02 is rejected.

| Name of Other Party to Executory Contract/Unexpired Lease | Description of Executory Contract/Unexpired Lease |
|---|---|
| 1. | |
| 2. | |


## Section 5. Payment of Claims and Order of Distribution

5.01. After confirmation, payments by Trustee to holders of allowed claims and approved expenses will be made monthly.

5.02. **Distribution of plan payment by Trustee.** Debtor's monthly plan payment must be sufficient to pay in full: **(a)** Trustee's fees; **(b)** post-petition monthly payments due on Class 1 claims; **(c)** the monthly dividend specified in section 3.06 for administrative expenses; and **(d)** the monthly dividends payable on account of Class 1 arrearage claims, Class 2 claims, and executory contract and unexpired lease arrearage claims.

If Debtor tenders a partial monthly plan payment to Trustee, Trustee shall pay, to the extent possible, such fees, expenses, and claims in the order specified in (a) through (d) above. If the amount paid by Debtor, however, is insufficient to pay all dividends due on account of fees, payments, expenses, and claims within a subpart of section 5.02(a) through (d), no dividend shall be paid on account of any of the fees, payments, expenses, and claims within such subpart, except as permitted by section 3.07(b)(2) and (3).

Once a monthly plan payment, or a portion thereof, is not needed to pay a monthly dividend because a fee, expense, or claim is not allowed or has been paid in full, such plan payment shall be paid pro rata, based on claim balance, to holders of: **first,** section 3.06 administrative expenses; **second,** Class 1 arrearage claims, Class 2 claims, and executory contract and unexpired lease arrearage claims; **third,** Class 5 priority claims; **fourth,** Class 6 unsecured claims; and **fifth,** Class 7 unsecured claims. Over the plan's duration, these distributions must equal the total dividends required by sections 3.04, 3.06, 3.07, 3.08, 3.12, 3.13, 3.14, and 4.01.

5.03. **Priority of payment among administrative expenses.** The portion of the monthly plan payment allocated in section 3.06 for administrative expenses, shall be distributed first to any former chapter 7 trustee up to the monthly amount required by 11 U.S.C. § 1326(b)(3)(B), and second, to holders of approved administrative expenses on a pro rata basis.

## Section 6. Miscellaneous Provisions

**6.01.**  **Vesting of property.** Property of the estate will revest in Debtor upon confirmation unless Debtor checks the following box: ☐ SHALL NOT REVEST.

If the property of the estate does not revest in Debtor, Trustee is not required to file income tax returns for the estate or insure any estate property. Upon dismissal or completion of this plan, all property shall revest in Debtor. Notwithstanding the revesting of property in Debtor, the court will retain its supervisory role post-confirmation to enforce Fed. R. Bankr. P. 3002.1 and provide any other relief necessary to effectuate this plan and the orderly administration of this case.

After the property revests in Debtor, Debtor may sell, refinance or execute a loan modification regarding real or personal property without further order of the court with the approval of Trustee.

**6.02.**  **Remedies upon default.** If Debtor defaults under this plan, Trustee or any other party in interest may request appropriate relief by filing a motion pursuant to Local Bankruptcy Rule 9014-1, et seq. This relief may consist of, without limitation, dismissal of the case, conversion of the case to chapter 7, or relief from the automatic stay to pursue rights against collateral. This is without prejudice to Debtor's right to seek plan modification under 11 U.S.C. § 1329.

**6.03.**  **Impermissible Provisions.** Notwithstanding any other term in this plan, Debtor does not seek through the confirmation and completion of this plan either a determination of the dischargability of any debt or the discharge of any debt that is non-dischargable as a matter of law in a Chapter 13 case under 11 U.S.C. § 1328(a).

## Section 7. Nonstandard Provisions

Debtor may propose nonstandard provisions that modify the preprinted text of this form plan. All nonstandard plan provisions shall be set forth below, or on a separate page(s) appended to this plan. Each such provision shall be identified by a section number beginning with section 7.01 and indicate which section(s) of the form plan are modified by it. Nonstandard provisions placed elsewhere in the plan are void. The signatures below are certifications by Debtor and Debtor's attorney that this plan form has not been altered and that all nonstandard provisions are in section 7 and appended to this plan.

Dated:6/18/2019

/s/ Sally Rose Hopkins
_____
Debtor

_____
Debtor

Dated:6/18/2019

/s/ Craig V. Winslow
_____
Debtor's Attorney

# Section 7.01

Robert G. Cummings has unilaterally recorded a UCC-1 Financing Statement based on an attorney charging lien. Recording of the UCC-1 Financing Statement has clouded title to Debtor's residence commonly referred to as 324 Devonshire Boulevard, San Carlos, California. The underlying obligation is disputed and has been valued at Zero Dollars. The "lien" is unperfected, invalid and voidable. To the extent a lien encumbers Debtor's residence said lien shall voided by way of adversary proceeding.