```
1  CRAIG V. WINSLOW (CSLB #73196)
   LAW OFFICES OF CRAIG V. WINSLOW
2  630 No. San Mateo Drive
   San Mateo, CA 94401
3  Telephone:    (650) 347-5445
   Facsimile:    (650) 347-4411
4  E Mail:       craig@cvwlaw.com

5  Attorney for Defendant
```

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re<br><br>SALLY ROSE HOPKINS,<br><br>        Debtor.<br>_____<br>WENDY HOPKINS, an individual,<br><br>        Plaintiff,<br><br>   vs.<br><br>SALLY ROSE HOPKINS, an individual;<br>and ALL PERSONS UNKNOWN, CLAIMING<br>ANY LEGAL OR EQUITABLE RIGHT,<br>TITLE, ESTATE, LIEN, OR INTEREST IN<br>THE PROPERTY DESCRIBED IN THE<br>COMPLAINT ADVERSE TO PLAINTIFF'S<br>TITLE, OR ANY CLOUD UPON<br>PLAINTIFF'S TITLE THERETO,<br><br>        Defendants.<br>_____ | Case No. 18-30937 DM 13<br><br><br><br><br>Adversary Case No. 21-03061<br><br><br>ANSWER TO COMPLAINT FOR QUIET<br>QUIET TITLE, DECLARATORY RELIEF<br>AND EJECTMENT RE: PLAINTIFF'S RIGHT<br>TITLE, AND INTEREST IN 324<br>DEVONSHIRE BOULEVARD, SAN<br>CARLOS, CA 94070;<br>COUNTERCLAIMS ASSERTED BY<br>SALLY ROSE HOPKINS |

---
**ANSWER TO ADVERSARY COMPLAINT FOR QUIET TITLE,
DECLARATORY RELIEF AND EJECTMENT;
COUNTERCLAIMS ASSERTED BY SALLY ROSE HOPKINS**

1

Defendant, SALLY ROSE HOPKINS, answers the complaint as follows:

# INTRODUCTION

1. Answering paragraph 1 of the complaint, Defendant by way of introduction states that Defendant and her then husband acquired the real property commonly referred to as 324 Devonshire Boulevard, San Carlos, California in 1976. (Hereinafter the "Residence") At all times since 1976, Defendant has resided in the Residence and Defendant has made all loan payments, paid all San Mateo County real property taxes and all insurance premiums. In May 2014, Defendant entered into an agreement to sell the Residence to Michael L,. Cacci and Pamela Cacci. Defendant refused to complete the sale and the Caccis' threatened litigation.

   a) On or about May 12, 2014, Defendant was convinced by her daughter, the Plaintiff, that the Residence could be protected from the Cacci's threatened specific performance lawsuit by executing a Grant Deed conveying title to the Residence to Plaintiff. At that time, Plaintiff represented to Defendant that title would be released back to Defendant after the Cacci dispute was resolved.

   b) In December 2015, Plaintiff executed a Grant Deed to Plaintiff and Defendant as joint tenants informing Defendant that Plaintiff needed to remain on title in order to aid in the obtaining a new loan for the Residence.

   c) In January 2017, Plaintiff informed Defendant that Defendant's credit was so bad that Defendant's name had to come off of title to the Residence in order to allow for Plaintiff to obtain the new loan. In response to Plaintiff's representations and statements, in January 2017 Defendant executed a Deed removing Defendant's name from title to the Residence.

   d) All of the aforesaid deeds were prepared by Plaintiff. No consideration was paid in connection with any of the deeds.

   e) Defendant was born on November 9, 1050. In 2012, Defendant was diagnosed with, moderate cognitive impairment for which she taking Aricept. "Aricept is a prescription medicine used to treat the symptoms of dementia associated with Alzheimer Disease." On November 9,

---

ANSWER TO ADVERSARY COMPLAINT FOR QUIET TITLE,
DECLARATORY RELIEF AND EJECTMENT;
COUNTERCLAIMS ASSERTED BY SALLY ROSE HOPKINS

2

2015, Defendant turned 65.  In light of Defendant's age and medical condition, Defendant was unable to defend her interests from the actions and conduct of her daughter, the Plaintiff.

## JURISDICTION AND VENUE

2. Answering paragraph 2 of the complaint, Defendant admits that a Chapter 13 Bankruptcy case is pending before the United States Bankruptcy Court for the Northern District of California.

3. Answering paragraph 3 of the complaint, Defendant denies that the claims for relief asserted in the Complaint constitute a core matter based on 11 U.S.C. §157(b)(2(A or (O).

4. Answering paragraph 4 of the complaint, Defendant denies that venue is proper by virtue of §§157 and 1334.

5. Answering paragraph 5 of the complaint, Defendant states that by filing this Answer to Complaint she is not consenting to the entry of a final judgment by this Court but reserves the right to enter her consent at a later date.

6. Answering paragraph 6 of the complaint, Defendant admits that a declaratory relief claim is asserted but denies that the nature and extent of a lien is at issue.  Defendant admits that Plaintiff is requesting this Court to determine and an interest in property but Defendant denies that said determination is in any way relevant to the Chapter 13 Case or performance of the confirmed Chapter 13 Plan.

## PARTIES

7. Answering paragraph 7 of the complaint, Defendant admits that Plaintiff was a creditor of Defendant and that Plaintiff's claim was based on a loan upon which Plaintiff obtained a Judgment. Defendant asserts on information and belief that the address utilized in the Bankruptcy schedules was addressed to the UPS Store utilized by Plaintiff for her mailing address and that mailings to that UPS Store would have been placed into Plaintiff's box irrespective of the box number listed on the mailing.

---

**ANSWER TO ADVERSARY COMPLAINT FOR QUIET TITLE,
DECLARATORY RELIEF AND EJECTMENT;
COUNTERCLAIMS ASSERTED BY SALLY ROSE HOPKINS**

3

8. Answering paragraph 8 of the complaint, Defendant admits she is the Debtor in this case. Defendant also admits that in the Bankruptcy Schedules she listed the Residence as her property.

9. Answering paragraph 9 of the complaint, Defendant lacks sufficient information or belief to answer said allegations and, basing his denial on that ground, denies each and every allegation in it.

# GENERAL ALLEGATIONS

10. The allegations set forth in paragraph 10 of the complaint are not intelligible and on that basis the Defendant denies each and every allegation set forth therein

11. Answering paragraphs 11, 12 and 13 of the complaint, Defendants admits allegations set forth therein.

12. Answering paragraph 14 of the complaint, Defendant admits that a grant deed was recorded relative to the Residence. Defendant denies that said grant deed was intended to transfer Defendant's right, title and interest to Plaintiff. Said deed was prepared by Plaintiff and was executed at the instigation of the Plaintiff who advised Defendant that executing said grant deed would protect the Residence from claims being asserted by Michael L. Cacci and Pamela Cacci. Said grant deed was executed by the Defendant based on the representations of Plaintiff that Plaintiff would hold title but that the Residence was still owned by Defendant ant that Plaintiff would deed back title to Defendant.

13. Answering paragraphs 15 and 16 of the complaint, Defendants admits allegations set forth therein.

14. Answering paragraph 17 of the complaint, Defendant is informed and believes and based thereon admits that Plaintiff executed and recorded a grant deed identifying Plaintiff and Defendant as joint tenants. Defendant was led to believe and was informed by Plaintiff that Plaintiff needed to remain on title to the Residence in order to aid in the obtaining a new loan for the Residence.

15. Answering paragraph 18 of the complaint, Defendant admits that a grant deed was

**ANSWER TO ADVERSARY COMPLAINT FOR QUIET TITLE, DECLARATORY RELIEF AND EJECTMENT; COUNTERCLAIMS ASSERTED BY SALLY ROSE HOPKINS**

Case: 21-03061    Doc#:6    Filed: 01/10/22    Entered: 01/10/22 13:29:22    Page 4 of 13

4

recorded relative to the Residence. Defendant denies that said grant deed was intended to transfer Defendant's right, title and interest to Plaintiff. Said deed was prepared by Plaintiff and was executed at the instigation of the Plaintiff who advised Defendant that executing said grant deed was necessary as the presence of Defendant's name on title to the Residence was making it impossible to obtain a new loan for the Residence. Plaintiff further represented to Defendant that with title solely in the name of Plaintiff, Plaintiff would be able to obtain a new loan with better terms for the Residence. Plaintiff reassured Defendant that the Residence was still Defendant's and that Plaintiff would deed back title to Defendant.

16. Answering paragraph 19 of the complaint, Defendant is informed and believes and based thereon admits the allegations set forth therein.

17. Answering paragraph 20 of the complaint, Defendant denies that the $61,500.00 check was issued in connection with the January 25, 2017 Grant Deed. Defendant asserts that the $61,500.00 check was issued by Plaintiff as a loan with the loan funds to be used to settle the Cacci litigation (*Michael L. Cacci and Pamela Cacci v. Sally v. Sally Rose Hopkins and Wendy Hopkins*, San Mateo County Superior Court, Case No. 529593) in order to obtain a settlement of the Cacci litigation against Wendy Hopkins.

18. Answering paragraphs 21, 22 and 23 of the complaint, Defendants admits allegations set forth therein.

19. Answering paragraph 24 of the complaint Defendant admits that Plaintiff filed an "emergency objection to Debtor's discharge. Defendant asserts on information and belief that the address utilized in the Bankruptcy schedules was addressed to the UPS Store utilized by Plaintiff for her mailing address and that mailings to that UPS Store would have been placed into Plaintiff's box irrespective of the box number listed on the mailing. Defendant is further informed and believes that Plaintiff had full and complete knowledge of the current Bankruptcy Case.

**ANSWER TO ADVERSARY COMPLAINT FOR QUIET TITLE, DECLARATORY RELIEF AND EJECTMENT; COUNTERCLAIMS ASSERTED BY SALLY ROSE HOPKINS**

5

# DOCTRINE OF AFTER ACQUIRED TITLE

20. Paragraph 25 of the complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegation contained in Paragraph 25 of the complaint.

21. Paragraph 26 of the complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegation contained in Paragraph 26 of the complaint.

22. Paragraph 27 of the complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegation contained in Paragraph 27 of the complaint.

23. Paragraph 28 of the complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegation contained in Paragraph 28 of the complaint.

24. Paragraph 29 of the complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegation contained in Paragraph 29 of the complaint.

25. Paragraph 30 of the complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegation contained in Paragraph 30 of the complaint.

26. Paragraph 31 of the complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegation contained in Paragraph 31 of the complaint.

27. Paragraph 32 of the complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegation contained in Paragraph 32 of the complaint.

28. Paragraph 33 of the complaint contains legal conclusions to which no response is

ANSWER TO ADVERSARY COMPLAINT FOR QUIET TITLE,
DECLARATORY RELIEF AND EJECTMENT;
COUNTERCLAIMS ASSERTED BY SALLY ROSE HOPKINS

Case 21-03061   Doc# 6   Filed 01/10/22   Entered: 01/10/22 13:29:22   Page 6 of 13

6

required. To the extent that a response is required, Defendant denies the allegation contained in Paragraph 33 of the complaint.

29. Paragraph 34 of the complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegation contained in Paragraph 34 of the complaint. To the extent Paragraph 34 asserts that Plaintiff is the owner of the Residence, Defendant denies each and every allegation set forth therein.

30. Paragraph 35 of the complaint contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegation contained in Paragraph 35 of the complaint. To the extent Paragraph 35 asserts that Plaintiff is the owner of the Residence, Defendant denies each and every allegation set forth therein.

## FIRST CLAIM FOR RELIEF

31. Answering paragraph 36 of the complaint, Defendant realleges and restates each and every allegation set forth in paragraphs 1 through 30, inclusive, of the Defendant's answer to the complaint.

32. Answering paragraph 37 of the complaint, Defendant alleges that said paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegation contained in Paragraph 37 of the complaint.

33. Defendant does not have sufficient knowledge or information to admit or deny the allegations contained in paragraph 38 of the complaint, and therefore denies each of the allegations contained in paragraph 38 of the complaint.

34. Answering paragraph 39 of the complaint, Defendant alleges that said paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegation contained in Paragraph 39 of the complaint.

## SECOND CLAIM FOR RELIEF

35. Answering paragraph 40 of the complaint, Defendant realleges and restates each and every

**ANSWER TO ADVERSARY COMPLAINT FOR QUIET TITLE, DECLARATORY RELIEF AND EJECTMENT; COUNTERCLAIMS ASSERTED BY SALLY ROSE HOPKINS**

allegation set forth in paragraphs 1 through 34, inclusive, of the Defendant's answer to the complaint.

36. Answering paragraph 41 of the complaint, Defendant admits the allegations set forth therein.

37. Answering paragraph 42 of the complaint, denies the allegations set forth therein and Defendant contends that the Residence was owned at all times by the Defendant and that the 2017 Grant Deed was executed without payment of any consideration by Plaintiff to Defendant:

a) was obtained based on misrepresentations of the Plaintiff;

b) was based on undue influence of Defendant's daughter taking advantage of Defendant's age and mental inabilities; and

c) was ineffectual in transferring title to the Plaintiff.

38. Answering paragraphs 43 and 44 of the complaint, Defendant joins in the request for a declaration that title to Residence remains in the Defendant.

## THIRD CLAIM FOR RELIEF

39. Answering paragraph 45 of the complaint, Defendant realleges and restates each and every allegation set forth in paragraphs 1 through 38, inclusive, of the Defendant's answer to the complaint.

40. Answering paragraph 46 of the complaint, Defendant alleges that said paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegation contained in Paragraph 46 of the complaint.

41. Answering paragraph 47 of the complaint, Defendant alleges that said paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegation contained in Paragraph 47 of the complaint.

42. Answering paragraph 48 of the complaint, Defendant alleges that said paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegation contained in Paragraph 48 of the complaint.

43. Answering paragraph 49 of the complaint, Defendant alleges that said paragraph

---

**ANSWER TO ADVERSARY COMPLAINT FOR QUIET TITLE, DECLARATORY RELIEF AND EJECTMENT; COUNTERCLAIMS ASSERTED BY SALLY ROSE HOPKINS**

8

contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegation contained in Paragraph 49 of the complaint.

44. Answering paragraph 50 of the complaint, Defendant denies each and every allegation set forth therein.

45. Answering paragraph 51 of the complaint, Defendant alleges that said paragraph contains legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegation contained in Paragraph 51 of the complaint.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE
## FAILURE TO STATE FACTS SUFFICIENT TO STATE A CLAIM

The Complaint, and each purported claim contained therein, fails to allege facts sufficient to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
## FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

The Complaint, and each purported claim contained therein, fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE
## STATUTES OF LIMITATION

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

## FOURTH AFFIRMATIVE DEFENSE
## WAIVER

By its conduct, Plaintiff has waived any right to recover any relief under its complaint or any purported cause of action alleged therein.

---

**ANSWER TO ADVERSARY COMPLAINT FOR QUIET TITLE, DECLARATORY RELIEF AND EJECTMENT; COUNTERCLAIMS ASSERTED BY SALLY ROSE HOPKINS**

9

## FIFTH AFFIRMATIVE DEFENSE
## ESTOPPEL

Plaintiff has engaged in conduct with respect to the activities that are the subject of the complaint, and by reason of said activities and conduct, Plaintiff is estopped from asserting any claim for any relief against Defendant.

## SIXTH AFFIRMATIVE DEFENSE
## LACHES

Due to its tardiness in asserting its purported right to recover, Plaintiff's claims should be barred by the equitable doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE
## NOT ENTITLED TO ATTORNEY'S FEES

Plaintiff is not entitled to an award of attorney's fees.

## EIGHTH AFFIRMATIVE DEFENSE
## AVAILABILITY OF ADDITIONAL AFFIRMATIVE DEFENSES

Defendant presently has insufficient knowledge or information upon which to form a belief as to the availability of additional, as yet unstated, affirmative defenses. Therefore, Defendant reserves the right to assert additional affirmative defenses and/or amend any of the affirmative defenses alleged herein in the event discovery reveals that they would be appropriate and proper under the circumstances.

# COUNTERCLAIMS ASSERTED BY SALLY ROSE HOPKINS

In addition to its answer to the Complaint as set forth above, the Defendant, SALLY ROSE HOPKINS, (Hereinafter the "Counterclaimant") hereby complains, by way of this counterclaim, against the Plaintiff (Hereinafter the "Counter Defendant") as follows:

46. Venue in this Court is proper pursuant to the provisions of 28 U.S.C. § 1409(a).

---

**ANSWER TO ADVERSARY COMPLAINT FOR QUIET TITLE, DECLARATORY RELIEF AND EJECTMENT; COUNTERCLAIMS ASSERTED BY SALLY ROSE HOPKINS**

10

## FIRST COUNTERCLAIM

47. Counterclaimant realleges and restates each and every allegation set forth in paragraphs 1 through 46, inclusive, of the Counterclaimant's answer to the complaint.

48. Defendant was born on November 9, 1950.

49. Counterclaimant was over the age of sixty five (65) years old at the time that Counter Defendant wrongfully withheld title to the Residence although Counterclaimant is the lawful owner of the Residence, and as such, was an elder as defined by Welfare and Institutions Code § 15610.30(a)(1). Elder abuse occurs when a person or entity takes, appropriates or obtains or retains real or personal property of an elder ... for a wrongful use or with the intent to defraud or both. Elder abuse also occurs when a person or entity assists in doing so (Welfare and Institutions Code §15610.30(a)(2)). A person or entity is deemed to have taken or obtained or retained the property if the person or entity knew or should have known that this conduct is likely to be harmful to the elder.

50. Welfare & Institutions Code § 15610.30(a)(1) has been determined appropriate for stating a cause of action for financial elder abuse for wrongfully withholding property of an Elder.

51. Counter Defendant fraudulently acquired Counterclaimant's title to the Residence by using her relationship to the Counterclaimant in order to obtain title and retain title to the Residence in contravention to Counterclaimant's lawful, vested ownership of the Residence.

52. The taking, misappropriation and retention of the title to the Residence by the Counter Defendant, was done by Counter Defendant with the intent to defraud and were unlawful pursuant to Welfare and Institutions Code § 15610.30 (a)(1).

53. The actions or failures to act by Counter Defendant as alleged herein are an unconscionable and despicable fraud upon Counterclaimant.

---

**ANSWER TO ADVERSARY COMPLAINT FOR QUIET TITLE, DECLARATORY RELIEF AND EJECTMENT; COUNTERCLAIMS ASSERTED BY SALLY ROSE HOPKINS**

11

54. Counter Defendant intentionally failed to disclose to Counterclaimant her intent to retain title to the Residence and to deny Counterclaimant's lawful ownership to the Residence in order to fraudulently induce Counterclaimant act in the manner herein alleged in reliance thereon.

55. The conduct of Counter Defendant as described and alleged herein constitutes fiduciary abuse as defined in Welfare and Institutions Code § 15610.30.

56. Counter Defendant is guilty of recklessness, oppression, fraud, and malice in the commission of the financial abuse of Counterclaimant.

57. Pursuant to Welfare and Institutions Code §15657(a), Counter Defendant is liable for reasonable attorney fees and costs, including reasonable fees for the services of Counterclaimant expended on litigation of this claim.

58. In committing the above-described conduct, Counter Defendant acted with recklessness, malice, fraud, and/or oppression, as those terms are used in Welfare & Institutions Code § 15657.5, and such acts were committed by Counter Defendant entitling Counterclaimant to recover the remedies set forth by statute, including attorney's fee, costs, and treble damages.

## SECOND COUNTERCLAIM

59. Counterclaimant realleges and restates each and every allegation set forth in paragraphs 1 through 58, inclusive, of the Counterclaimant's answer to the complaint and First Counterclaim.

60. As set forth in the Answer to Complaint and in the First Counterclaim an actual dispute has arisen whereby Counter Defendant has failed and refused to recognize that Counterclaimant is the lawful owner of the Residence with full legal, beneficial, and equitable interest in the Residence.

**ANSWER TO ADVERSARY COMPLAINT FOR QUIET TITLE, DECLARATORY RELIEF AND EJECTMENT; COUNTERCLAIMS ASSERTED BY SALLY ROSE HOPKINS**

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendant and Counterclaimant prays for judgment as follows:

**ANSWER TO COMPLAINT**

1. That Plaintiff takes nothing by reason of the Complaint, that the complaint be dismissed in its entirety with prejudice, and that judgment be entered in favor of Defendant.

**COUNTERCLAIMS BY SALLY ROSE HOPKINS**

1. For general and special damages according to proof;

2. For treble damages;

3. For reasonable attorney fees;

4. For a declaration that Counterclaimant is the true and lawful owner of the Residence; and

5. For punitive damages.

**ANSWER TO COMPLAINT AND COUNTERCLAIMS BY SALLY ROSE HOPKINS**

1. That Defendant and Counterclaimant be awarded her reasonable costs; and

2. That Defendant and Counterclaimant be awarded such other and further relief as the Court deems just and proper under the circumstances of this case.

/s/ Craig V. Winslow

Dated: January 7, 2022

_____
CRAIG V. WINSLOW
Attorney for Defendant and
Counterclaimant

**ANSWER TO ADVERSARY COMPLAINT FOR QUIET TITLE, DECLARATORY RELIEF AND EJECTMENT; COUNTERCLAIMS ASSERTED BY SALLY ROSE HOPKINS**

13